790 P.2d 744

**STATE of Arizona, Appellee,**

v.

**Roger Allen BERGER, Appellant.**

**No. 1 CA–CR 88–522.**

Court of Appeals of Arizona, Division 1, Department A.

June 6, 1989.

Review Granted Sept. 26, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood III, Deputy Public Defender, Phoenix, for appellant.

OPINION

GERBER, Judge.

Appellant Roger Allen Berger (defendant) appeals from his conviction for attempted molestation of a child, a class 3 felony and dangerous crime against children in the second degree in violation of A.R.S. §§ 13–1410, 13–3821, 13–1001, and 13–604.01, and from the sentence imposed. Defendant raises two issues on appeal:

(1) whether the trial court's imposition of lifetime parole was improper, and

(2) whether his guilty plea was involuntary because he was not advised that he would not be entitled to early release credits pursuant to A.R.S. §§ 41–1604.06 and 41–1604.07.

## PROCEDURAL HISTORY

On July 31, 1987, defendant was indicted in Cause No. CR 87–06925 on one count of molestation of a child, a class 2 felony and dangerous crime against children. On October 28, 1987, defendant was indicted in Cause No. CR 87–09693 on two counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children. The trial court granted the state's motion to consolidate these actions on January 29, 1988.

On February 29, 1988, defendant entered into a written plea agreement (agreement) and agreed to plead guilty in CR 87–09693 to count II, as amended, attempted molestation of a child, a class 3 felony and dangerous crime against children in the second degree. The agreement provided, in part, that:

> ... a person convicted of a dangerous crime against children in the second degree ... may be eligible for probation and any prison sentence imposed requires the defendant to serve at least one-half the sentence imposed by the court. The defendant could receive ... lifetime probation or, if sentenced to a prison term, parole for up to the rest of his life.

At the change of plea hearing, the trial court clearly advised defendant that the maximum possible sentence would be 15 years imprisonment, and that he would not be eligible for release on any basis until at least one-half of the sentence imposed had been served. Defendant indicated he understood these consequences of his plea.

On April 12, 1988, the trial court pronounced judgment, sentenced defendant to an aggravated term of 15 years of imprisonment, and ordered him placed on lifetime parole upon release pursuant to A.R.S. § 13–604.01(I).

## LIFETIME PAROLE

■ Defendant argues that the trial court's order placing him on lifetime parole should be vacated pursuant to this court's decision in *State v. Wagstaff*, 161 Ariz. 66, 775 P.2d 1130 (Ct.App.1988), *review granted*, Nov. 23, 1988. The state concurs with defendant's assertion that *Wagstaff* applies to persons convicted of dangerous crimes against children in the second degree. However, this court is not bound by the state's confession of error. *State v. Stewart*, 3 Ariz.App. 178, 180, 412 P.2d 860, 862 (1966).

In *Wagstaff*, this court held that A.R.S. § 13–604.01(I) was invalid insofar as it provided for the imposition of lifetime parole for a defendant convicted of a dangerous crime against children in the first degree. 161 Ariz. at 70, 775 P.2d at 1134. Pursuant to A.R.S. § 13–604.01(E), such a defendant would be ineligible for release at any time prior to the expiration of the entire sentence imposed by the court, and thus would have no unexpired term during which he could be placed on parole. Further, enforcement of the lifetime parole provision against such a defendant would be impossible: he could not be reimprisoned for a term equal to his unexpired maximum sentence at the time parole was granted because there would be no unexpired portion of his sentence remaining to be served. *Wagstaff*, 161 Ariz. at 70, 775 P.2d at 1134.

In this case, however, since defendant was convicted of a dangerous crime against children in the *second* degree, he would be eligible for release after serving half of the sentence imposed. A.R.S. § 13–604.01(G). Sentenced to an aggravated term of 15 years of imprisonment, he would be eligible for release in 7.5 years. Thus, defendant could possibly have an unexpired term during which he could be placed on parole and for which he could be reimprisoned if he violated a condition of parole. The concern expressed in *Wagstaff* is not present in *second degree* crimes against children.

However, *Wagstaff* also held that lifetime parole was violative of the separation of powers doctrine between the executive and judicial branches of government. We

agree that the Arizona Board of Pardons and Paroles has exclusive power to grant a defendant parole. *Wagstaff,* 161 Ariz. at 70, 775 P.2d at 1134. As stated in *State v. Harris,* 133 Ariz. 30, 648 P.2d 145 (App. 1982):

> Courts have power to impose sentences only as authorized by statute and within the limits set down by the legislature. Whether or not a prisoner is eligible for release on parole or absolute discharge is not for courts to decide—it is within the control of the board of pardons and paroles, A.R.S. § 31–402, or the department of corrections. *See* A.R.S. §§ 41–1604.06 and 1604.07.

*Id.* at 31, 648 P.2d at 147. However, A.R.S. § 13–604.01(I) does not give power to the trial court to grant parole to a defendant who has committed a dangerous crime against children in the second degree. Subsection (I) provides in part:

> ... If the person is convicted of any dangerous crime against children in the second degree the court, in addition to any term of imprisonment imposed or in lieu of the term if probation is otherwise authorized, may order that the person convicted be supervised on probation or on parole after release from confinement on such conditions as the court or board of pardons and paroles deems appropriate for any term up to the rest of the person's life.

While defendant is *potentially* eligible for release after serving 7.5 years of his sentence, the Board of Pardons and Paroles retains full control over whether defendant is certified for parole at that time or any time thereafter. A.R.S. §§ 31–411 and 31–412; *Harris.* Subsection (I) merely authorizes the trial court to *sentence* defendant to *lifetime* parole, with the Board of Pardons and Paroles retaining discretion on whether to release defendant on parole at all. Such a legislative scheme does not violate separation of powers concepts. *See People ex rel. Scott v. Israel,* 66 Ill.2d 190, 5 Ill.Dec. 580, 361 N.E.2d 1108 (1977) (sentence of mandatory parole is part of the original sentence and does not violate sepa-

ration of powers clause of the Illinois constitution). *See also United States v. Bridges,* 760 F.2d 151, 153–54 (7th Cir.1985) (rejecting argument that special lifetime parole term violates separation of powers clause); *United States v. Arellanes,* 767 F.2d 1353 (9th Cir.1985) (special lifetime parole provision offends no constitutional guarantee).

In *State v. Marquez,* 127 Ariz. 98, 618 P.2d 592 (1980), the defendant argued that A.R.S. § 13–1206 [1] was an unconstitutional violation of the powers of the executive and judicial branches because it provided for a mandatory prison term without the possibility of an early release. The supreme court disagreed, holding:

> A.R.S. § 13–1206 does not violate Article 3 by invading executive and judicial prerogatives; defining crimes and appropriate sanctions for those who commit them is a legislative function.... Neither does the statute violate Article 5, § 5, which in its very terms provides that the Governor's power to grant commutation may be limited by the legislature.

*Id.* at 103, 618 P.2d at 597 (citations omitted). *See also State v. Williams,* 115 Ariz. 288, 289, 564 P.2d 1255, 1256 (App.1977) (mandatory minimum sentences were a proper exercise of legislative power to prescribe punishment for prohibited criminal acts).

In *State v. Molina,* 118 Ariz. 250, 575 P.2d 1276 (App.1978), the court held that a statute providing that a defendant would be ineligible for parole until he had served a minimum sentence was not "an invasion of the executive domain...."

> ... The Arizona Constitution, Art. 5, § 5, gives the Governor power to grant reprieves, commutation, and pardons, with certain exceptions. The constitution does not speak of parole and therefore parole is within the legislative scope of establishing suitable punishment for the various crimes.

*Id.* at 251, 575 P.2d at 1277.

■ We find the reasoning of these cases persuasive and thus decline to follow

---

1. A.R.S. § 13–1206 proscribes dangerous or deadly assaults by prisoners.

*Wagstaff* where it construes A.R.S. § 13–604.01(I) to be violative of the separation of powers doctrine. We uphold the trial court's imposition of lifetime parole in this case.

### EARLY RELEASE CREDITS

■ Defendant also argues that his guilty plea was involuntary because, having committed a dangerous crime against children under A.R.S. § 13–604.01, he would not be entitled to accrue early release credits. *See* A.R.S. §§ 41–1604.06(C) and 41–1604.07.

Rule 17.2(b) does not require the trial court to advise a defendant of his ineligibility for early release credits where the defendant has been properly advised of the earliest release date and the maximum sentence imposable as a result of the plea. *State v. Lee,* 160 Ariz. 323, 772 P.2d 1176 (Ct.App.1989). In this case, defendant was clearly advised that he was charged with a dangerous crime against children in violation of A.R.S. § 13–604.01, and that he therefore could not be released on any basis until he had served at least half of the sentence imposed. He was informed that the maximum potential term of imprisonment was 15 years. This was in fact the sentence he received. Thus, he would be eligible for parole after serving 7.5 years of his sentence.

Under the circumstances, the trial court did not commit reversible error by failing to inform defendant that he was ineligible for early release credits pursuant to A.R.S. §§ 41–1604.06 and –1604.07. *See Lee, supra.*

The conviction and sentence are affirmed.

JACOBSON, P.J., and BROOKS, J., concur.