789 P.2d 390

**STATE of Arizona, Appellee,**

v.

**Robert Clinton BROCK, Appellant.**

**No. 1 CA–CR–89–140.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 21, 1989.

Supplemental Opinion Feb. 15, 1990.

Petition and Cross-Petition for Review Granted as to Issue A and Denied as to Issue B April 17, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Mark E. Dwyer, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Dep-

uty Public Defender, Phoenix, for appellant.

EHRLICH, Judge.

Robert Clinton Brock (defendant) was convicted upon his plea of guilty to attempted child molestation. The trial court placed him on lifetime probation and ordered him to serve one year in the county jail as a condition of probation. On appeal, he contends that his guilty plea was invalid for two reasons:

(1) because the state and county have breached their statutory duty to provide residential treatment for the defendant who suffers from a chronic mental illness;

(2) because the trial court erred in failing to advise the defendant that a conviction for a dangerous crime against children would leave him statutorily ineligible to earn release credits should a sentence of imprisonment be imposed.

It is undisputed that the defendant is mentally ill and that the State of Arizona and Maricopa County have failed to meet their statutory obligations to provide residential treatment for him. *See Arnold v. Arizona Dept. of Health Services*, 160 Ariz. 593, 775 P.2d 521 (1989). Furthermore, the trial court erred in failing to inform the defendant at the plea proceedings of his ineligibility to earn release credits. *State v. Pac*, 163 Ariz. 58, 785 P.2d 1246 (Ct.App.1989). Nevertheless, we find no basis upon which to set aside his guilty plea.

## FACTUAL AND PROCEDURAL HISTORY

The defendant was charged by indictment with two counts of child molestation, each a class 2 felony and a dangerous crime against children in the first degree. The alleged victim was the defendant's seven-year-old sister. The defendant was examined pursuant to Rule 11, Arizona Rules of Criminal Procedure, and found to be competent to stand trial.[1] He thereafter agreed to plead guilty to one count of attempted child molestation, a class 3 felony and a dangerous crime against children in the second degree. In return, the state promised to recommend that he be placed on probation if a long-term residential treatment program could be found for him.

Before accepting the defendant's guilty plea, the trial court informed him of the minimum, presumptive, and maximum sentences for the offense and also explained to him that he would not be eligible for release until he had served one-half of any sentence that might be imposed. The court also advised the defendant that, if no long-term residential treatment program could be found for him, the state could recommend that he be sentenced to a term of imprisonment without violating the plea agreement. In any event, the court explained, it would not be bound by the prosecutor's recommendation regarding the sentence to be imposed. The defendant acknowledged that he understood these consequences of his guilty plea.

The trial court accepted the defendant's plea of guilty and ordered the preparation of a presentence report. The author of that report, finding that no available facility could meet the defendant's need for rehabilitation and also protect the community from the danger that he represented, recommended that the defendant be sentenced to a term of imprisonment.

At the time set for sentencing, the prosecutor informed the court that neither she nor the defendant's counsel had been able to find a suitable residential treatment program that the defendant could afford. In spite of the recommendation in the presentence report, both counsel agreed that commitment to the Arizona State Department of Corrections would not be desirable in the defendant's case. Accordingly, the prosecutor recommended that the defendant be placed on probation, with the stipulation

---

1. The defendant initially was charged as a juvenile. During transfer proceedings, however, he was found to be incompetent. Several days later, after passing his eighteenth birthday, he was charged as an adult. In this appeal, the defendant has raised no issue concerning his competence either to stand trial or to plead guilty.

that he serve one year in the county jail, during which he would be required to undergo any counseling deemed necessary by the probation department, particularly sex-offender counseling.

The trial court placed the defendant on lifetime probation and ordered that he serve one year in the county jail as a condition of probation. The court further ordered: (a) that the defendant might be released from jail upon the request of the probation department in the event that he could be placed in an appropriate residential treatment program; (b) that the defendant be transported as necessary from the jail to any place designated by the probation department for sex-offense counseling; (c) that the probation office place the defendant on its specialized case load for sex offenders and handicapped people.[2] The defendant also was assessed the statutorily required $100. He timely appealed.

## FAILURE TO PROVIDE RESIDENTIAL TREATMENT

■ The Arizona Supreme Court has held that state and county governments are statutorily obligated to provide mental health care to the chronically mentally ill. *See Arnold v. Arizona Dept. of Health Services*, 160 Ariz. 593, 775 P.2d 521 (1989). The defendant contends that, because the state and county have failed to meet that obligation in his case, his guilty plea was invalid. The state, disputing neither the defendant's need for residential treatment nor its unavailability, contends that neither circumstance invalidates his plea. It suggests that the defendant's appropriate redress is through civil litigation.

We are unable to conclude that the lack of secure, residential facilities for the treatment of an indigent defendant's mental illness is a basis upon which to set aside his guilty plea. It is apparent that both parties to the plea agreement had contemplated the possibility that residential treatment would not be available for the defendant. In this regard, the record is sufficient to demonstrate that the defendant's plea was voluntarily and intelligently made. He does not contend otherwise.

Furthermore, although the state and county may have breached their statutory duties in civil law to provide residential treatment, neither the prosecutor nor the trial court has breached the plea agreement. Under the circumstances, we agree with the state that the defendant's only recourse is pursuit of his civil remedies.

## RELEASE CREDITS

■ The trial court failed to inform the defendant that he would be ineligible to earn release credits against any sentence that might be imposed upon his conviction for a dangerous crime against children. *See* A.R.S. §§ 41–1604.06(C), 41–1604.07 (Supp.1989). The defendant contends that, without this information, his decision to plead guilty could not have been an informed and intelligent one. He therefore asks that this matter be remanded to the trial court so that he may have the opportunity to withdraw his plea.

Whether Rule 17.2(b), Arizona Rules of Criminal Procedure, requires the trial court to inform an accused that his conviction for a dangerous crime against children will render him ineligible to earn release credits has been a matter of dispute among the departments of this court. *Compare State v. Lee*, 160 Ariz. 489, 774 P.2d 228 (Ct.App. 1989) (trial court need not inform defendant of ineligibility to earn release credits), *and State v. Berger*, 164 Ariz. 46, 790 P.2d 744 (Ct.App.1989) (same), *with State v. Pac*, 163 Ariz. 58, 785 P.2d 1246 (Ct.App. 1989) (trial court must inform defendant of release credit ineligibility when that is a consequence of plea).[3]

---

**2.** We note that the trial court, upon defense motion, has recently ordered the probation department to investigate the possibility of placing the defendant with either of two named facilities or any other appropriate program available to indigents. The court indicated that it would

sign, upon presentation, an order placing the defendant in any such program.

**3.** The Arizona Supreme Court declined to review this holding in *Lee* and *Berger*. Denial of review, however, does not indicate that the Su-

We agree with the holding in *Pac* because we are persuaded that ineligibility to earn release credits is a special condition regarding sentence imposed by statute, of which a defendant must be made aware under Rule 17.2(b), and not, as the *Lee* and *Berger* panel concluded, merely a "collateral matter" of which a defendant need not be informed. Accordingly, we conclude that the trial court erred in this case by failing to inform the defendant of his ineligibility to earn release credits.

■ Nevertheless, whether the error requires reversal is a question that first must be presented to the trial court by petition for post-conviction relief rather than to this court by direct appeal. *Pac*, at 60, 785 P.2d at 1248. Leaving open that avenue for relief, we affirm the defendant's conviction and the order placing him on probation.

GRANT, C.J., concurs.

GERBER, Judge, specially concurring in the result.

I dissent from the majority's holding that the trial court erred by failing to inform the defendant of his ineligibility for early release credits. Our court has held in two recent cases that the trial court is not required to advise a defendant of ineligibility for early release credits when the defendant has been properly advised of the earliest release date and the maximum sentence imposable as a result of the plea. *See State v. Berger*, 164 Ariz. 46, 790 P.2d 744 (Ct.App.1989); *State v. Lee*, 160 Ariz. 489, 774 P.2d 228. The Arizona Supreme Court refused to review this holding in both of those cases. *See* CR 89-0224-PR (September 26, 1989), reviewed on other grounds, and CR-89-0176-PR (June 27, 1989). Contrary to *Berger* and *Lee*, this same Court of Appeals recently held in *State v. Pac*, 163 Ariz. 58, 785 P.2d 1246 (Ct.App.1989), that a trial court erred by failing to inform the defendant of his early release credit ineligibility. The *Pac* court did not acknowledge

the Supreme Court's denial of review of *Berger* and *Lee*. Until the Supreme Court sees fit to change the law in *Berger* and *Lee*, I think we ought to follow our own precedents.

## SUPPLEMENTAL OPINION

PER CURIAM.

The court has considered the appellant's motion to strike the appellee's motion for reconsideration as untimely and the response and reply thereto. We ordinarily dispose of a motion to strike a pleading by an unpublished order. However, because this motion involves an issue of importance the resolution of which has not yet been clearly established, we have designated this disposition as a supplemental opinion.

■ The opinion in this case was filed on December 21, 1989; notice was served on the parties by mail on that date. A motion to reconsider was filed by the appellee on January 10, 1990. The court is of the opinion that the five-day mailing provision of Rule 1.3, Arizona Rules of Criminal Procedure, applies to extend the time in which to file a motion for reconsideration pursuant to Rule 31.18, Arizona Rules of Criminal Procedure. *See State v. Zuniga*, 163 Ariz. 105, 786 P.2d 956 (1990). Therefore, the motion for reconsideration was timely. No action thus is necessary on the appellee's motion to stay a petition for review by the supreme court.

reme Court approved of the legal analysis contained in the opinion; it is of no precedential value. *Calvert v. Farmers Insurance Co. of Arizona*, 144 Ariz. 291, 297 n. 5, 697 P.2d 684, 690 n. 5 (1985).