785 P.2d 1246

**STATE of Arizona, Appellee,**

v.

**James Leo PAC, Appellant.**

**No. 1 CA–CR 88–307.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 5, 1989.

Review Granted Feb. 14, 1990.*

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

The defendant entered a guilty plea to a crime that rendered him statutorily ineligible to earn release credits while incarcerated. At the change of plea hearing, the trial court did not advise defendant of this special statutory condition to his plea. The sole issue on appeal is whether the trial court's failure to do so rendered the plea involuntary.

We conclude that the trial court erred. We hold that a trial court must inform a defendant of his release credit ineligibility when that is a consequence of his plea. In this holding we differ from another panel of this court which has twice held the contrary in *State v. Lee*, 160 Ariz. 489, 774 P.2d 228, 233 (App.1989), and *State v. Berger*, 164 Ariz. 46, 49, 790 P.2d 744, 747 (App. June 6, 1989).

We do not decide, however, whether the trial court's failure rendered the plea involuntary. Such questions must be submitted to the trial court by petition for post-conviction relief rather than raised on direct appeal. *State v. Anderson*, 160 Ariz. 412, 415, 773 P.2d 971, 974 (1989).

## PROCEDURAL HISTORY

Defendant James Leo Pac entered a guilty plea to one count of attempted sexual conduct with a minor, a class 3 felony and dangerous crime against children in the second degree. Defendant entered this plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In exchange, the state dismissed five additional counts of sexual conduct with a minor, all class 2 felonies and dangerous crimes against children.

At the change of plea hearing, a proper factual basis was established for the plea, and the trial court made appropriate disclosures to the defendant, save one. The trial court advised the defendant that, as a result of a special condition imposed by A.R.S. § 13–604.01(G), he must serve at least half of any sentence imposed. The trial court failed, however, to advise defendant that, because of an additional special statutory condition, defendant was ineligible to earn release credits that might otherwise shorten the remainder of his sentence. A.R.S. §§ 41–1604.06(C) and 41–1604.07. Defendant's plea was ultimately accepted, and he was sentenced to an aggravated prison term of fifteen years.

## DISCUSSION

■ In *Lee* and *Berger*, the court concluded that ineligibility to earn release credits is too inconsequential to require discussion when a plea is entered. The court in *Lee* explained:

> [D]efendant's inability to earn early release credits under the new statutory scheme does not affect the date of his parole eligibility; defendant remains eligible for parole after he has served one-half of his sentence.... Defendant's lack of ability, as a class two prisoner, to earn early release credits only increases the sentence, as compared to class one prisoners, if defendant were denied parole release after serving half his sentence.

160 Ariz. at 492, 774 P.2d at 231.

We are unable to follow *Lee* and *Berger* in finding such ineligibility inconsequential *as a matter of law.*

To begin with, Rule 17.2(b), Arizona Rules of Criminal Procedure, is quite explicit. It states that, before a trial judge accepts a guilty plea, the judge must make sure that the defendant understands *"any special conditions regarding sentence, parole, or commutation imposed by statute."* (Emphasis added.) This is one.

Second, the legislature obviously deemed release credit eligibility a matter of consequence. Otherwise, it would not have chosen to withhold such eligibility from the category of offenders into which defendant falls.

Third, the U.S. Supreme Court and the Ninth Circuit Court of Appeals have recognized release credit eligibility as consequential to a prisoner. Both have held that an eligible prisoner has a "liberty interest" in accumulated credits that may not be infringed without due process. *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974); *McFarland v. Cassady,* 779 F.2d 1426, 1428 (9th Cir.1986).

We conclude that the trial court erred by failing to inform defendant of his release credit ineligibility before accepting his plea.

■ We do not conclude, however, that this procedural error requires reversal. Two questions remain. First, did the defendant know of this special condition from any other source? *State v. Crowder,* 155 Ariz. 477, 479, 747 P.2d 1176, 1178 (1987). Second, if not, was "such lack of knowledge ... relevant and material to the making of the plea agreement"? *Id.* at 482, 747 P.2d at 1181. Such questions, as Arizona courts have frequently repeated since *Crowder,* should *not* be raised for the first time in an appellate brief, but rather should be submitted to the trial judge by petition for post-conviction relief. *State v. Anderson,* 160 Ariz. at 415, 773 P.2d at 974. *See also State v. Dampler,* 157 Ariz. 222, 227, 756 P.2d 319, 324 (App.1987) (supplemental opinion).

Herein lies our second difference with the *Lee* and *Berger* decisions. The court there, explicitly in *Lee* and implicitly in *Berger,* inferred from the record that defendants' knowledge of release credit ineligibility would not have affected their plea decisions. These holdings, in effect, preempted those defendants from attempting a showing to the contrary in a petition for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. We believe it inappropriate to go so far. That is a fact-finder's determination, and we ought not preempt it at this stage. It suffices to affirm on the present record, leaving defendant to whatever post-conviction relief he might secure.

KLEINSCHMIDT, P.J., and GRANT, C.J., concur.