798 P.2d 1303

**STATE of Arizona, Appellee,**

v.

**James Leo PAC, Appellant.**

**No. CR–90–0003–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 25, 1990.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, former Asst. Atty. Gen., and Chief Counsel, Crim. Div., and Diane M. Ramsey and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III and Carol A. Carrigan, Deputy Public Defenders, Phoenix, for appellant.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

Defendant, James Leo Pac, petitions this court for review of a court of appeals' opinion that affirmed his conviction and sentence. We granted review because of conflicting opinions in the court of appeals. *See State v. Pac,* 163 Ariz. 58, 785 P.2d 1246 (App.1989) and *State v. Lee,* 160 Ariz. 489, 774 P.2d 228 (App.1989). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### II. ISSUE

We address only one question on review: Was defendant's guilty plea knowingly, voluntarily, and intelligently made even though the trial judge did not inform him of the statutory ineligibility for early release credits for persons convicted of dangerous crimes against children? *See* A.R.S. §§ 41–1604.06(C) and 41–1604.07 (Supp.1989).

### III. DISCUSSION

As a result of a plea agreement, defendant pleaded guilty to one count of attempted sexual conduct with a minor, a class three felony and dangerous crime against children in the second degree.[1] *See*

---

1. Defendant was convicted under A.R.S. § 13–604.01(G), which provides:

    Notwithstanding chapter 10 of this title, a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a dangerous crime against

children in the second degree is guilty of a class 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years. The presumptive term may be increased or decreased by up to five years pursuant to § 13–702, subsections C, D and E. If

A.R.S. § 13–604.01(G). Defendant pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and did not admit the facts supporting his guilty plea. As a result of defendant's plea, the State dismissed 5 other counts of sexual conduct with a minor, all class two felonies and dangerous crimes against children in the first degree.

At the change of plea hearing, the court made a factual determination that defendant committed the crime. Defendant was told that the maximum sentence he could receive would be 15 years, and the minimum 5 years. He also was informed that he would have to serve at least one-half of any sentence imposed before he could become eligible for parole. The judge did not, however, inform defendant of his ineligibility for early release credits under the dangerous crimes against children statute. *See* A.R.S. §§ 41–1604.06(C), 41–1604.07 (Supp.1989). Defendant appealed, claiming that failure to provide him with this information rendered his plea involuntary. The court of appeals agreed and held that Rule 17.2(b) of the Arizona Rules of Criminal Procedure requires the trial court to inform defendant of the ineligibility for early release credits. *State v. Pac,* 163 Ariz. 58, 60, 785 P.2d 1246, 1248 (App.1989). The rule provides:

> Before accepting a plea of guilty or no contest, the court shall address defendant personally in open court, informing him of and determining that he understands the following:
>
> \* \* \* \* \* \*
>
> b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute ...

17 A.R.S. Ariz.R.Crim.P., Rule 17.2(b). The court of appeals did not reverse, holding that defendant could pursue the matter via post-conviction relief. *See* Rule 32.

Another panel of the court of appeals had previously rendered a conflicting opinion holding that, even when a defendant was not informed of his ineligibility for early release credits, Rule 17.2(b) was complied with as a matter of law when defendant was told of, and understood, the maximum and minimum sentences he could receive. *Lee,* 160 Ariz. at 493, 774 P.2d at 232. The *Lee* court reasoned that because the inability to earn early release credits affected neither the parole eligibility date nor the manner in which the sentence was computed, Rule 17.2(b) was complied with:

> [D]efendant's inability to earn early release credits under the new statutory scheme does not affect the date of his parole eligibility; defendant remains eligible for parole after he has served one-half of his sentence of fifteen years.
>
> \* \* \* \* \* \*
>
> He was thus aware, when entering his plea, that he had bargained for a term of imprisonment between 7.5 and fifteen years on each count. That is exactly what he received. Advising him in addition that lack of release credits might require him to serve fifteen years did not add any information to that already received—that he might have to serve fifteen years. The information defendant received complied with the requirements of Rule 17.2(b).

*Id.* at 492–93, 774 P.2d at 231–32. Thus, even if defendant had known of the ineligibility for early release credits, his plea would have been the same. We believe that *Lee* is correct and adopt its reasoning.

■ When a defendant enters a plea agreement, the court must inform him of anything potentially affecting his sentence or date of parole eligibility. Rule 17.2(b); *State v. Ellis,* 117 Ariz. 329, 333, 572 P.2d 791, 795 (1977); *see also State v. Henderson,* 165 Ariz. 186, 797 P.2d 725 (Consolidated) (App.1990) (holding that defendant was not influenced by contingencies which had yet to occur and were not contemplated by anyone when the plea was accepted and defendant sentenced). A

the person is sentenced to a term of imprisonment the person *is not eligible for release from confinement on any basis until the person has* served not less than one-half the sentence imposed by the court.

plea will be found involuntary only where a defendant lacks information of "true importance in the decision-making process." *State v. Crowder*, 155 Ariz. 477, 481, 747 P.2d 1176, 1180 (1987). In *Crowder*, we stated:

> Where the missing information does not go to defendant's essential objective in making the agreement, where it involves secondary or minor terms collateral to the decision to plead, and where it is not "of the essence" of the agreement, it is in the public interest that the agreement be enforced.

*Id.* at 481, 747 P.2d at 1180 (citation omitted).

■ In this case, defendant was told of the maximum, minimum, and presumptive terms. The trial court also told defendant that he must serve at least one-half of any sentence imposed before becoming parole eligible. All of these factors were of importance in deciding whether to enter into a plea agreement because they would affect the ultimate sentence imposed, as well as defendant's earliest parole eligibility date. Ineligibility to earn early release credits, on the other hand, will not affect the defendant's earliest parole eligibility date. He must serve at least one-half of his sentence before becoming parole eligible. As stated by the court in *Lee:*

> [E]arned release credits do not affect parole eligibility dates as they did under the former A.R.S. §§ 31–251 and –252. (*See* former A.R.S. §§ 31–251(B) and –252(A) prior to amendment by Laws 1974, Ch. 137.) (citation omitted). Under the new statutory scheme, all prisoners in parole eligible classification, whether "class one" or "class two," *are certified eligible for parole when*, "as determined by adherence to the rules of the department," they are "classified within an eligible classification for three consecutive months thereafter." A.R.S. § 41–1604.06(D). Thus, "class one" prisoners and "class two" prisoners (including child molesters) who both must serve one-half of their respective terms, will

both become parole eligible at the same time.

\* \* \* \* \* \*

In this case, where defendant was clearly advised of his maximum potential sentence and that he could not be released on any basis before half his sentence was served, the trial court was not required to inform him of his inability to earn release credits after parole eligibility in order to comply with Rule 17.2(b). *Lee*, 160 Ariz. at 492–94, 774 P.2d at 231–32 (emphasis added).

We hold that the failure to inform defendant of his ineligibility to earn early release credits did not render his plea involuntary or constitute error. We approve of *Lee*, and vacate the court of appeals' opinion in *Pac.*

Judgment affirmed.

GORDON, C.J., MOELLER and CORCORAN, JJ., and JAMES C. CARRUTH, Judge, concur.

Vice Chief Justice STANLEY G. FELDMAN recused himself in this matter. Pursuant to Ariz. Const. art. 6, § 3, Judge JAMES C. CARRUTH, Pima County Superior Court, was assigned to sit in his stead.