798 P.2d 1305

**STATE of Arizona, Appellee,**

v.

**Robert Clinton BROCK, Appellant.**

**No. CR–90–0036–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 25, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Sp. Counsel, Mark E. Dwyer and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

Defendant, Robert Clinton Brock, petitions this court for review of a court of appeals' opinion affirming his conviction and sentence. 163 Ariz. 523, 789 P.2d 390. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12-120.24.

### II. ISSUE

Although defendant raised other matters in his petition for review, we granted review to consider only one question: Was defendant's guilty plea knowingly, voluntarily, and intelligently made even though the trial judge did not inform him of the statutory ineligibility for early release credits for persons convicted of dangerous crimes against children? *See* A.R.S. §§ 41-1604.06(C) and 41-1604.07 (Supp. 1989).

### III. DISCUSSION

Defendant was indicted for two counts of child molestation, each a class 2 felony and a dangerous crime against children in the first degree. Defendant agreed to plead guilty to one count of attempted child molestation, a class 3 felony and a dangerous crime against children in the second degree. In exchange for defendant's plea, the State agreed to recommend probation if a long-term residential treatment could be found for defendant.

Before accepting defendant's change of plea, the trial court informed him of the maximum, minimum, and presumptive sentences for the offense. The court further explained to defendant, pursuant to A.R.S. § 13-604.01(G), that he would not be eligible for release until he had served one-half of any sentence imposed. The court also told defendant that if no long-term residential treatment program was found, the State could recommend incarceration without violating the plea agreement. The court explained it would not be bound by the prosecutor's recommendation regarding the sentence imposed. Defendant acknowledged he understood the consequences of his guilty plea and the trial court accepted the plea. Defendant was placed on lifetime probation and ordered to serve one year in the county jail as a condition of probation.

The trial court failed to inform defendant that he would be ineligible for early release credits against any sentence that might be imposed upon his conviction. *See* A.R.S. §§ 41-1604.06(C), 41-1604.07 (Supp.1989). Defendant appealed claiming that failure to provide him with this information rendered his plea involuntary. The court of appeals agreed, stating that rule 17.2(b) of the Arizona Rules of Criminal Procedure requires the court to inform a defendant of "any

special conditions regarding sentence...." We disagree.

In an opinion rendered today, *State v. Pac*, 165 Ariz. 294, 798 P.2d 1303 (1990), we held that failure to advise a defendant of ineligibility to earn early release credits under A.R.S. § 41–1604.06(C) is not error. In doing so, we relied heavily on *State v. Lee*, 160 Ariz. 489, 774 P.2d 228 (App.1989). In *Lee*, the court of appeals held that a defendant need not be informed of early release credit ineligibility as long as he knew what he bargained for, i.e., the minimum and maximum sentences. *Id.* at 493, 774 P.2d at 232. The court in *Lee* reasoned that rule 17.2(b) was complied with because the inability to earn early release credits did not affect the parole eligibility date, nor the manner in which the sentence was to be computed. *Id.* at 494, 774 P.2d at 233. The court of appeals in *Lee* stated:

> Defendants convicted of child molesting under A.R.S. § 13–604.01 are ineligible to be placed in "class one" status. A.R.S. § 41–1604.06(C). They may not, therefore, earn release credits. However, earned release credits do not affect parole eligibility dates as they did under the former A.R.S. §§ 31–251 and –252.
>
> \* \* \* \* \* \*
>
> Under the new statutory scheme, all prisoners in parole eligible classifications, whether "class one" or "class two," *are certified eligible for parole when*, "as determined by adherence to the rules of the department," they are "classified within an eligible classification for three consecutive months occurring within five months immediately prior to the prisoner's earliest parole eligibility or for any three consecutive months thereafter." A.R.S. § 41–1604.06(D). Thus, "class one" prisoners and "class two" prisoners (including child molesters) who both must serve *one-half* of their respective terms, will both become parole eligible at the same time.

*Id.* at 492, 774 P.2d at 231 (emphasis added). We *now follow Lee* and *Pac* and hold that there was no error in failing to notify the defendant of the special conditions of A.R.S. § 41–1604.06(C).

Judgment affirmed.

GORDON, C.J., MOELLER and CORCORAN, JJ., and JAMES C. CARRUTH, Judge, Superior Court, concur.

FELDMAN, V.C.J., recused himself in this matter. Pursuant to Ariz. Const. art. 6, § 3, JAMES C. CARRUTH, Judge, Pima County Superior Court, was assigned to sit in his stead.