108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Armando A. LOPEZ, Petitioner-Appellant,
v.
Roger CRIST, Warden; Grant Woods, Attorney General, of the
State of Arizona; Samuel Lewis, Respondents-Appellees.
 No. 95-15907.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Armando A. Lopez, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it denied him relief. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm.
 
 
 3
 In his section 2254 petition, Lopez raised four claims: (1) the trial court violated Ariz.R.Crim.P. 17.2 when it failed to advise him that he would be ineligible for early release credits; (2) his plea is invalid because he was not advised that he would be ineligible for early release credits; (3) the Arizona Court of Appeals' reliance on State v. Pac, 798 P.2d 1303, 1305 (Ariz.1990) violated Lopez's rights to equal protection, due process, and fundamental fairness; and (4) the State violated the plea agreement when it failed to grant Lopez early release credits.
 
 A. Ariz.R.Crim.P. 17.2
 
 4
 Lopez contends that the trial court violated Ariz.R.Crim.P. 17.2 when it failed to advise him that he would be ineligible for early release credits. The district court properly concluded that this contention fails to state a federal claim. See Engle v. Isaac, 456 U.S. 107, 120 n. 19 (1982) ("[i]f a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable").
 
 B. Invalid Plea
 
 5
 The plea agreement provided that Lopez would not be eligible for release until he served at least one-half of the sentence imposed. See Ariz.Rev.Stat. § 13-604.01(G). Neither the plea agreement nor the trial court informed Lopez that he was ineligible to earn release credits that otherwise might shorten the remainder of his sentence. See Ariz.Rev.Stat. §§ 41-1604.06(C), 41-1604.07.
 
 
 6
 Lopez contends his plea is invalid because he was not informed that he would be ineligible for early release credits. The district court properly rejected this claim. Cf. Hill v. Lockhart, 474 U.S. 52, 56 (1985) (the Constitution does not require that defendant be advised of parole eligibility at the time of his plea); see id. at 60 ("petitioner's mistaken belief that he would become eligible for parole [at a certain date] would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted").
 
 C. Challenge to Pac Decision
 
 7
 When the Arizona Court of Appeals denied Lopez's challenge to his plea, it relied on the Arizona Supreme Court's decision in Pac, 798 P.2d at 1305 (failure to advise defendant of ineligibility for early release credits does not invalidate plea). Lopez contends that the state court's application of Pac violated Lopez's rights to equal protection, due process, and fundamental fairness. The district court ruled that Lopez's Pac claims were unexhausted but now procedurally barred.
 
 
 8
 Even were the claims not barred, we would reject them as meritless for the Arizona Supreme Court's decision in Pac accords with the Constitution. See Hill, 474 U.S. at 56.
 
 D. Breach of Plea Agreement
 
 9
 Lopez contends that the State violated his plea agreement when it failed to grant him early release credits. The district court ruled that the claim was unexhausted but now procedurally barred. Even were the claim not barred, we would reject it as meritless because the plea agreement made no promises concerning early release credits.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Lopez's motion to expedite the appeal as moot