NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

FRANCISCO JAVIER PEREZ-TAPIA, *Petitioner.*

No. 1 CA-CR 16-0664 PRPC
FILED 1-18-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2012-144809-001 DT
The Honorable Karen L. O'Connor, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

---

**P E R K I N S**, Judge:

¶1        Petitioner Francisco Javier Perez-Tapia petitions this Court for review from the dismissal of his first "of right" petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Perez-Tapia pled guilty to possession of narcotic drugs for sale, a class two felony, with a stipulation that he be placed on supervised probation with a term of six months in jail. After the superior court denied his motion to withdraw, based upon an involuntary plea, the judge sentenced him in accordance with the plea, including dismissal of the allegation that the amount of drugs in his possession exceeded the threshold.

¶3        Perez-Tapia filed a *pro se* petition for post-conviction relief claiming ineffective assistance of counsel. The superior court summarily dismissed his claim as untimely. Perez-Tapia filed a petition for review. The court of appeals found an abuse of discretion by the superior court for dismissing on the notice only, and remanded back to the superior court. *State v. Perez-Tapia*, 2 CA-CR 2015-0069-PR, 2015 WL 1422374 at *1, ¶¶ 1, 5 (Ariz. App. Mar. 30, 2015) (mem. decision).

¶4        Perez-Tapia, represented by counsel, then filed a petition claiming that his post-conviction relief ("PCR") was filed late but was excused under Rule 32.1(f), that his plea was not voluntary, and that he received ineffective assistance of counsel. The superior court again summarily dismissed his claims.[1]

---

[1] The superior court addressed the latter two claims on the merits, but did not address the Rule 32.1(f) issue. Nor did Perez-Tapia raise the issue in his

**¶5**        Perez-Tapia reiterates his claims in his petition for review, claiming that he was not correctly advised on the immigration consequences of his plea by his plea counsel and, as a result, his plea was not entered knowingly, voluntarily, and intelligently.

**¶6**        We review for an abuse of discretion. *State v. Decenzo*, 199 Ariz. 355, 356 (App. 2001). We may affirm on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199 (1987). The petitioner must distinguish personal knowledge from the facts and include in the petition all supporting affidavits and evidence available. *Fitzgerald v. Myers*, 243 Ariz. 84, 84, ¶ 1 (2017) ("Rule 32.5 sets forth the required contents of a PCR petition") (citing Ariz. R. Crim. P. 32.5).

**¶7**        As a threshold, we note that Perez-Tapia did not provide or attach any documentary evidence relating to his immigration proceedings to support his PCR. Ariz. R. Crim. P. 32.5 ("Affidavits, records, or other evidence currently available to the defendant supporting the allegations of the petition shall be attached to it."). Additionally, when the court denied his motion to withdraw from the plea, his new counsel indicated he was going to obtain additional evidence, including possibly obtaining an affidavit from his plea counsel. The court granted Perez-Tapia a continuance, and he then failed to obtain an affidavit. Perez-Tapia also fails to attach any factual affidavits (the opinion affidavit of an attorney notwithstanding) to his PCR or explain the absence of this critical evidence. Therefore, he has not supported his claims with sufficient evidence.

**¶8**        Factually, the claim that he is subject to mandatory deportation is belied by the record, which establishes that Perez-Tapia was released from probation early based upon a probation report that noted he was no longer in State or Federal custody; received authorization to work; and has a social security number. "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.*

**¶9**        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below reasonable standards and that deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to make

petition for review. We need not address this because we find his remaining claims otherwise without merit.

a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985). Perez-Tapia, who concedes that he was at least told he would "probably" be deported, has failed to support his claims or to establish prejudice.

**¶10**        A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). A defendant's decision to plead guilty must be voluntary, knowing, and intelligent. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *State v. Brown*, 212 Ariz. 225, 229, ¶ 15 (2006); *see also* Ariz. R. Crim. P. 17.1(b). A defendant's statements to the trial court at a change of plea regarding voluntariness are normally binding on the defendant. *State v. Hamilton*, 142 Ariz. 91, 93 (1984). A plea will be found involuntary only where a defendant lacks information of "true importance in the decision-making process." *State v. Pac*, 165 Ariz. 294, 295–96 (1990) (quoting *State v. Crowder*, 155 Ariz. 477, 481 (1987)).

**¶11**        Perez-Tapia has not met the most basic evidentiary requirements in presenting a colorable claim to the court. Therefore, we find that he has not established a claim that counsel was ineffective, or that he was even negatively impacted based upon what we have before us, and has not established that the plea was constitutionally invalid.

**¶12**        Counsel must inform a client whether a plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). When the deportation consequence is truly clear, the duty to give correct advice is equally clear. *Id.* at 369. To obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances. *Id.* at 372.

**¶13**        To establish prejudice in the context of a plea agreement, a defendant must show a reasonable probability that, except for his lawyer's error, he would not have waived the right to trial and entered a plea. *State v. Ysea*, 191 Ariz. 372, 377 (1998), *superseded by statute* (citation omitted). A defendant who has detrimentally relied upon erroneous legal advice has been prejudiced because the plea could not have been knowing and voluntary and thus has not made an informed choice. *Id.* Additionally, the prejudice requirement is satisfied when a petitioner demonstrates a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Bowers*, 192 Ariz. 419, 424, ¶ 19 (1998) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

**¶14**        We find that Perez-Tapia has not met his burden to show a colorable claim. Perez-Tapia received an immigration advisement of the immigration consequences prior to entering into his plea. The plea also contained a paragraph advising him of possible immigration consequences. The plea was favorable in that the State agreed to dismiss the allegation that the amount of drugs in his possession was above the threshold, which would, upon conviction, have subjected him to a mandatory prison range of 3 to 12.5 years, with the presumptive being 5 years in the Arizona Department of Corrections. *See* Ariz. Rev. Stat. §§ 13-3408(A)(2), (D), 13-702(D). We note that his affidavit in support of his claims does not state he would have "insisted on going to trial," but rather indicates he would not have accepted *this* plea.

**¶15**        Based upon the information presented, the failure to attach relevant documents, and the failure to provide an affidavit from his original plea counsel prior to sentencing or in his PCR, we do not find Perez-Tapia has shown that he was not aware of the consequences that he might be deported, that the consequences are "clear," or that he would have chosen trial.

**¶16**        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5