NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER ALLEN GUTIERREZ, *Petitioner*.

No. 1 CA-CR 23-0513 PRPC

FILED 08-27-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2020-113524-001
The Honorable Justin Beresky, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Johnny Jacquez
*Counsel for Respondent*

Christopher Allen Gutierrez, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

**P A T O N**, Judge:

¶1        Christopher Allen Gutierrez petitions for review from the superior court's order dismissing his amended first petition for post-conviction relief. We grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        The State charged Gutierrez with two counts of aggravated assault for placing two police officers in reasonable apprehension of imminent physical injury in March 2020. During the proceedings, Gutierrez requested new counsel. Before Gutierrez moved to change his first counsel, the State disclosed 26 videos from police officers' body worn cameras to her. Gutierrez's second appointed counsel represented him during the plea agreement process and sentencing.

¶3        Gutierrez pled guilty to one count of aggravated assault as a class 2, non-dangerous felony with one prior felony conviction. *See* A.R.S. § 13-1204(A)(2), (F). At the change of plea hearing, Gutierrez's counsel provided the following factual basis: "Gutierrez, using a motor vehicle, . . . intentionally did place the named victim, a peace officer, in reasonable apprehension of imminent physical injury." The superior court sentenced Gutierrez to a less-than-presumptive term of eight years' imprisonment. *See* A.R.S. § 13-703(B), (I).

¶4        Gutierrez filed a timely petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 33.1(a) which the superior court summarily dismissed. This petition for review followed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 13-4239(C).

## DISCUSSION

¶5        Gutierrez argues the State failed to disclose 19 body camera videos to his second counsel and that had he known about those videos, he would have rejected the plea offer. He also contends that his second counsel was ineffective when she failed to discover that her copy of the case file was missing the 19 videos.

¶6        We review the superior court's denial of post-conviction relief for an abuse of discretion. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). When the superior court determines that a petition presents no "material issue of fact or law that would entitle the defendant to relief under [Rule

33], the court *must* summarily dismiss the petition." Ariz. R. Crim. P. 33.11(a) (emphasis added).

¶7 To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show deficient performance during the plea-bargaining process, a defendant must prove either that counsel's advice was erroneous or that counsel did not provide the necessary information for "the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000). To prove prejudice, a defendant "must show that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Bowers*, 192 Ariz. 419, 422, ¶ 13 (App. 1998) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, we need not determine whether he satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶8 Gutierrez contends the State violated his due process rights by failing to disclose some of the videos to his second counsel even though he conceded that the State disclosed all the videos to his first counsel. But he cites no authority requiring the State to disclose materials a second time when a defendant changes counsel, or to ensure defendant's new counsel obtained a complete copy of his first counsel's case file. Even if the State failed to re-disclose the videos, Gutierrez's argument involves the deprivation of his constitutional due process right, which he waived by accepting the plea agreement. *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 14 (App. 2017) (non-jurisdictional defenses include deprivations of constitutional rights).

¶9 Gutierrez argues the videos contained information that would have prevented him from pleading guilty such as his interview statements, contradictory statements from officers, and an unflattering picture of law enforcement. A plea agreement is considered "involuntary only where a defendant lacks information of 'true importance in the decision-making process.'" *State v. Pac*, 165 Ariz. 294, 295–96 (1990) (citation omitted). But the information Gutierrez claims is in the videos, if true, is irrelevant to Gutierrez's guilt of the aggravated assault counts he was charged with. He concedes the videos did not record any portion of the charged offenses. We therefore cannot say that Gutierrez's plea was involuntary because he lacked this information. *See State v. Crowder*, 155

Ariz. 477, 481 (1987) ("[w]here the missing information does not go to defendant's essential objective in making the agreement, where it involves secondary or minor terms collateral to the decision to plead, and where it is not 'of the essence' of the agreement, it is in the public interest that the agreement be enforced.") (citation omitted) (*overruled on other grounds by E.H. v. Slayton*, 249 Ariz. 248, 253, ¶ 10 (2020)).

**¶10** Gutierrez also contends he received ineffective assistance of counsel because his second counsel did not review the available body camera footage. The allegation that a defendant would not have pled guilty but for counsel's error "must be accompanied by an allegation of specific facts which would allow a court to meaningfully assess why that deficiency was material to the plea decision." *Bowers*, 192 Ariz. at 425, ¶ 25.

**¶11** Gutierrez points to no specific exculpatory evidence from the videos indicating that he did not commit the aggravated assault. Importantly, as previously mentioned, he concedes that the videos did not record any portion of the charged offense. And while Gutierrez argues that the videos show unmarked police cars following him, this is not exculpatory evidence because under Section 13-1204(A)(2), the statutory basis for his plea, placing a victim in reasonable apprehension of imminent physical injury does not require knowledge that the victim was a police officer. *See* A.R.S. § 13-1204(A). Thus, Gutierrez has not shown that but for his counsel's deficient performance, he would not have accepted the plea offer and "would have insisted on going to trial." *See Bowers*, 192 Ariz. at 422, 424, ¶¶ 13, 19 (quoting *Hill*, 474 U.S. at 58).

## CONCLUSION

**¶12** We grant review and deny relief.

