(No. 48431.—
(No. 48432.—

THE PEOPLE *ex rel.* MICHAEL SCOTT, Appellee, v. THOMAS ISRAEL, Warden, Appellant.—CHARLES WAYNE WASSON, Appellant, v. ARNOLD STAF-FORD, Sheriff, Appellee.

*Opinion filed March 23, 1977.*

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Victor M. Pilolla, Assistant Attorneys General, all of Chicago, of counsel), for appellant.

Stephen P. Hurley, Deputy Defender, and Michael J. Rosborough, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellee.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), *amicus curiae.*

Stephen P. Hurley, Deputy Defender, and Michael J.

Rosborough, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Victor M. Pilolla, Assistant Attorneys General, all of Chicago, of counsel), for appellee.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), *amicus curiae.*

MR. JUSTICE DOOLEY delivered the opinion of the court:

These consolidated appeals bring before us the constitutionality of the mandatory parole provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1001—1—1 *et seq.*). In each case defendant was released upon parole after serving the maximum term of his indeterminate sentence of imprisonment. His parole was subsequently revoked for a violation of a condition, and he was reincarcerated.

In each case defendant applied to the circuit court for a writ of *habeas corpus.* In cause No. 48431 the circuit court of Massac County held the statutory provisions invalid, and granted the writ. The State filed an appeal to this court. In cause No. 48432 the circuit court of Saline County held the provisions constitutional, and denied defendant's petition. Defendant appealed to the Appellate Court for the Fifth District, that appeal was transferred here, and the two appeals were consolidated. The public defender of Cook County was given leave to file a brief *amicus curiae.* He urges the invalidity of the mandatory parole provisions.

Section 5—8—1(e) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(e)) provides:
> "Every indeterminate sentence shall include as though written therein a parole term in addition to the

term of imprisonment. Subject to earlier termination
under Section 3—3—8, the parole term shall be as follows:

>   (1) for murder or a Class 1 felony, 5 years;
>   (2) for a Class 2 felony, or a Class 3 felony, 3
>   years;
>   (3) for a Class 4 felony, 2 years."

Section 3—3—9(a) of the Code (Ill. Rev. Stat. 1975, ch.
38, par. 1003—3—9(a)) provides in pertinent part:

> "(a) If prior to expiration or termination of the term
> of parole, the parolee violates a condition of parole, the
> Parole and Pardon Board may:
>
>     \* \* \*
>
> (3) revoke the parole and reconfine the person
> for a term computed in the following manner:
>
> > (i) the recommitment shall be for that
> > portion of the imposed maximum term of
> > imprisonment or confinement which had not
> > been served at the time of parole, less the time
> > elapsed between the parole of the person and the
> > commission of the violation for which parole was
> > revoked, and, in addition, if the person was
> > sentenced on or after the effective date of this
> > Act, the parole term \*\*\*."

We pointed out in *People v. Wills* (1975), 61 Ill. 2d
105, 109, that when a mandatory parole is revoked a
defendant may be incarcerated for periods which in the
aggregate exceed the maximum of the indeterminate
sentence imposed by the sentencing court. Defendants and
*amicus curiae* argue that because of that possibility the
statutory provisions for mandatory parole violate the
separation of powers provision of the Illinois Constitution
(Ill. Const. 1970, art. II, sec. 1). The same argument was
made in *Wills,* but we did not reach that issue, for
defendant had not yet become eligible for parole.

It is urged without supporting authority that to give
the Parole and Pardon Board, an administrative agency, the
power to enlarge the period of commitment is to give the
Board judicial power in violation of the separation of
powers clause of the Illinois Constitution of 1970. But the
Board is not imposing a "second" sentence upon defend-

ant for his original crime. The judge imposes the sentence. The sentence to a mandatory parole is a part of the original sentence by operation of law. What causes recommitment to prison of a defendant who is on parole is the revocation of his parole. What causes the revocation is defendant's violation of one or more conditions of his parole. (See *United States v. Rich* (8th Cir. 1975), 518 F.2d 980, holding the Federal mandatory parole term valid although it does not place a maximum limit on special parole nor define the conditions of parole, as well as *United States v. Simpson* (5th Cir. 1973), 481 F.2d 582, *cert. denied* (1973), 414 U.S. 1095, 38 L. Ed. 2d 553, 94 S. Ct. 728, and *United States v. Martinez* (5th Cir. 1973), 481 F.2d 214, *cert. denied* (1974), 415 U.S. 931, 39 L. Ed. 2d 489, 94 S. Ct. 1444, for other constitutional aspects of the Federal mandatory parole system.) We hold the mandatory parole within the powers of the Illinois General Assembly, and that this enactment does not violate the separation of powers clause of the Illinois Constitution of 1970. See *People v. Williams* (1977), 66 Ill. 2d 179.

These appeals differ markedly from *People v. Montana* (1942), 380 Ill. 596. There the statute directed the sentencing judge to make an "advisory recommendation" for the minimum and maximum terms of imprisonment, which the Division of Correction was nevertheless authorized to alter. It was this investing of an administrative agency with the power to modify the judgment of a court which was held to violate our separation of powers clause. See 380 Ill. 596, 608-09.

It is also suggested that the mandatory parole provisions violate due process in that there is no judicial review of revocation by the Board. While the United States Supreme Court held in *Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593, that due process requires certain procedural safeguards to be provided before parole may be revoked, nothing in *Morrissey* suggests that revocation must be subject to judicial review.

Defendants do not contend, and the record does not disclose, that the revocations here were procedurally infirm in any respect.

The judgment of the circuit court of Massac County is accordingly reversed, and the cause is remanded with directions to deny the petition for a writ of *habeas corpus*. The judgment of the circuit court of Saline County is affirmed.

*48431 — Reversed and remanded,*
*with directions.*
*48432 — Judgment affirmed.*