NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 28, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3720

| | |
|---|---|
| STANLEY P. WOFFORD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-3238 |
| ROGER E. WALKER, JR., and JORGE MONTES, *Defendants-Appellees.* | Harold A. Baker, *Judge.* |

**O R D E R**

In 2000 an Illinois court convicted Stanley Wofford of second-degree murder. He was sentenced to 20 years of imprisonment, the statutory maximum, to be followed by a 2-year term of mandatory supervised release. *See* 730 ILCS 5/5-8-1(a)(1.5), (d)(2) (2000). Wofford completed the prison component of his sentence and began serving the term of mandatory

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

supervised release in 2007 (he completed his sentence before the expiration of 20 years because of time-served and good conduct, *see* 730 ILCS 5/3-6-3(a)(2.1) (2000)), but he violated the conditions of that release and was sent back to prison for the remainder of the 2-year term. He was released for good when his sentence expired in 2009. He then filed this damages action under 42 U.S.C. § 1983 against the former chairman of the Illinois Prisoner Review Board and the former director of the Illinois Department of Corrections, claiming that they violated the federal and Illinois constitutions by "tacking on" and revoking the term of mandatory supervised release so that he ended up serving additional time in prison on top of his 20-year sentence. The district court dismissed Wofford's complaint at screening. *See* 28 U.S.C. § 1915A. We affirm the judgment.

In his complaint, Wofford notes that the judgment of conviction issued by the state court in 2000 makes no mention of the term of mandatory supervised release. He thus assumes that the term was "added" later and then revoked by the defendants. It follows, says Wofford, that he was subjected to double jeopardy and deprived of due process, among other wrongs. The district court at first concluded that Wofford's § 1983 action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissed the lawsuit without prejudice. But in response to Wofford's motion for reconsideration, *see* FED. R. CIV. P. 59(e), the court decided that *Heck* does not apply because Wofford has completed his sentence and does not face a threat of further imprisonment or supervision. Still, the court reasoned, the term of mandatory supervised release was made part of Wofford's sentence by operation of law even though not mentioned in the original judgment, *see* 730 ILCS 5/5-8-1(d)(2) (2000), and the later revocation of that term did not violate Wofford's federal rights. Thus the court declined to set aside its earlier dismissal. But neither did the court mention Wofford's state claim or modify its judgment to reflect the dismissal of Wofford's federal claims on the merits.

On appeal Wofford disagrees with the district court's analysis of his constitutional claims, but we decline to follow the district court's lead in addressing those claims on the merits. Wofford has named only two defendants, and the simple fact is that neither can be held liable under § 1983.

First, these defendants did not impose the term of mandatory supervised release; it was always part of Wofford's sentence. As the district court explained, the term of mandatory supervised release was a nondiscretionary component of the sentence that was imposed in 2000 when Wofford was convicted. Even if the judgment does not say so, the mandatory supervised release was included in Wofford's sentence by operation of law. *See* 730 ILCS 5/5-8-1(d)(2) (2000); *People v. Whitfield*, 840 N.E.2d 658, 672 (Ill. 2005); *People ex rel. Scott v. Israel*, 361 N.E.2d 1108, 1109 (Ill. 1977); *People v. Brown*, 695 N.E.2d 1374, 1376 (Ill. App. Ct. 1998). (Effective January 1, 2012, Illinois amended 5/5-8-1(d) to require that a

term of mandatory supervised release "be written as part of the sentencing order." The import of that amendment for future cases is not a question before us.)

Second, neither defendant can be liable for the allegedly unconstitutional revocation of Wofford's mandatory supervised release. Illinois law provides that the Prisoner Review Board decides whether to revoke mandatory supervised release, and that Board is independent of the Department of Corrections. 730 ILCS 5/3-3-1(a), 5/3-3-9(a). Thus the director of the Department of Corrections was not involved in the constitutional violations allegedly arising from Wofford's revocation, and cannot be liable under § 1983. *See Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009); *Johnson v. Snyder*, 444 F.3d 579, 583–84 (7th Cir. 2006). And assuming that the chairman of the Prisoner Review Board played a personal role in revoking Wofford's mandatory supervised release (which is unclear since the 15-member Board acts through 3-member panels, 730 ILCS 5/3-3-1(b), 5/3-3-9(e)), the chairman is nonetheless absolutely immune under § 1983 because the revocation of mandatory supervised release is a quasi-judicial act. *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996).

That leaves two loose ends. First, although the district court did not say so explicitly, we infer that the court implicitly declined to exercise supplemental jurisdiction over Wofford's state-law claim when it dismissed the case as a whole, which was not an abuse of discretion. *See* 28 U.S.C. § 1367(c)(3); *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011). And, second, after the court decided to dismiss Wofford's federal claims on the merits rather than on the basis of *Heck*, the court should have amended its judgment to be with prejudice as to the federal claims. *See Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003); *Lewis v. Richards*, 107 F.3d 549, 555–56 (7th Cir. 1997). We accordingly modify the judgment so that Wofford's federal claims are dismissed with prejudice.

AFFIRMED as MODIFIED.