NOTICE
Decision filed 04/27/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170210-U

NO. 5-17-0210

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 12-CF-730 |
| | ) | |
| JASON W. MANN, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the defendant's "petition to reduce term of mandatory supervised release to 18 months for Class X" had no legal merit, the circuit court did not err in denying it, and because any argument to the contrary would lack merit, defendant's court-appointed attorney on appeal is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Jason W. Mann, appeals from an order of the circuit court of Jackson County denying his *pro se* "petition to reduce term of mandatory supervised release to 18 months for Class X." The defendant's court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis OSAD has filed a motion for leave to withdraw as counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), along with a brief in support of the motion. OSAD served the defendant with proper notice and with a copy of its motion and brief. This court gave

1

the defendant ample opportunity to respond to OSAD's motion by filing with this court a *pro se* brief, memorandum, etc., in support of his appeal, but the defendant has not filed any type of response. Having examined OSAD's motion and brief, as well as the entire record on appeal, this court agrees with OSAD that this appeal lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel on appeal, and the judgment of the circuit court of Jackson County is affirmed.

¶ 3                                   BACKGROUND

¶ 4     In late 2012, the State charged the defendant with aggravated arson (720 ILCS 5/20-1.1(a)(1) (West 2012)), a Class X felony, and tampering with a fire safety system (*id.* § 17-11.5(a)), a Class 4 felony. On August 9, 2013, the defendant, his attorney, and an assistant state's attorney appeared in court. The court informed the defendant that aggravated arson was a nonprobationable offense punishable by imprisonment for 6 to 30 years, and that the prison sentence "carries with it a mandatory supervised release time of a three-year period." Pursuant to a fully negotiated agreement with the State, the defendant pleaded guilty to aggravated arson. The court stated that it would "affirm the agreement" in the case and sentenced the defendant to imprisonment for a term of seven years. The court also informed the defendant about sentence credits and that "[u]pon [his] release" from prison he would be required to serve three years of mandatory supervised release. The defendant, in response to the court's query, indicated that he did not have any questions about the sentence imposed. The court then informed the defendant that if he "[felt] aggrieved in any way," he had 30 days in which to file a motion for leave to withdraw his guilty plea. The court entered a written judgment.

¶ 5     In late 2016, approximately 3¼ years after the guilty plea and sentencing herein, the defendant filed three *pro se* motions—a motion to withdraw guilty plea, a motion to reduce sentence, and a motion to amend the mittimus. The circuit court entered a docket-entry order

stating that all three motions were "denied." That order is the subject of an appeal in No. 5-17-0027. In that appeal, as in the instant appeal, OSAD was appointed to represent the defendant but has filed a motion to withdraw on the basis that the appeal lacks merit.

¶ 6        On April 28, 2017, the defendant filed a *pro se* "petition to reduce term of mandatory supervised release to 18 months for Class X." In his petition, the defendant contended that the Illinois system of mandatory supervised release (MSR) was constitutionally infirm. Although his constitutional theories were not very well developed, the defendant certainly claimed the following: (1) the Illinois legislature violated the separation-of-powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, § 1) and the due-process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) when it enacted legislation that purportedly authorized the Department of Corrections (DOC) to add a term of MSR to a sentence that had been imposed by a court; (2) MSR places so many restrictions and limitations on a defendant that it amounts to a continuation of his sentence, and a continued deprivation of his liberty, after he already has completed his determinate prison sentence and has been released from prison; and (3) returning a criminal defendant to prison due to his violation of a condition of MSR is a violation of the prohibition against double jeopardy. For relief, the defendant sought an order reducing his MSR term for aggravated arson, a Class X felony, from 3 years to 18 months.

¶ 7        On May 9, 2017, the circuit court entered a docket-entry order stating merely that the defendant's petition was "denied." The defendant timely filed a notice of appeal from that order. Eventually, the defendant asked this court to appoint appellate counsel for him, and this court appointed OSAD. As mentioned above, OSAD has filed a motion to withdraw as counsel.

¶ 8                                    ANALYSIS

¶ 9      The defendant appeals from the circuit court's order denying his *pro se* "petition to reduce

term of mandatory supervised release to 18 months for Class X."  His court-appointed attorney,

OSAD, has concluded that this appeal lacks merit, and on that basis OSAD seeks to withdraw as

counsel.  This court agrees that the constitutional arguments presented by the defendant in his

petition have no legal merit, and by extension this appeal has no merit whatsoever.

¶ 10     The General Assembly's creation of the MSR system did not violate the separation-of-

powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, § 1).  "It is well settled in this

State that the legislature has the power to prohibit particular acts as crimes, fix the punishment for

the commission of such crimes and determine the manner of executing such punishment." *People*

*v. Williams*, 66 Ill. 2d 179, 186 (1977).  The creation of an MSR system was within the

constitutional power of the General Assembly; it did not violate the separation-of-powers clause

of the Illinois Constitution.  *People ex rel. Scott v. Israel*, 66 Ill. 2d 190, 194 (1977).  Furthermore,

under the MSR system, the DOC does not impose an MSR term, and the MSR term is not an

addition to the criminal sentence imposed by a court.  An MSR term is imposed by the sentencing

court and by operation of law.  See 730 ILCS 5/5-4.5-15(c) (West 2012) (every sentence that

includes imprisonment, except for a natural life sentence, must include an MSR term); *id.*

§ 5-8-1(d) (the MSR term "shall be written as part of the sentencing order").  See also *People v.*

*Whitfield*, 217 Ill. 2d 177, 200-01 (2005) (MSR terms are "statutorily required," and a sentencing

court does not have the authority to withhold an MSR term when it imposes a sentence that

includes imprisonment).

¶ 11     In the instant case, the circuit court imposed the defendant's sentence, and in its

pronouncement of sentence it explicitly stated that the sentence consisted of imprisonment for the

agreed-upon term of seven years and MSR for a term of three years. A three-year MSR term was mandatory by operation of law. See 730 ILCS 5/5-4.5-25(*l*) (West 2012) (in general, the MSR term for a Class X felony is "3 years upon release from imprisonment"). It cannot reasonably be argued that the defendant's three-year MSR term is something that the DOC added on to the sentence that the circuit court imposed. See *People v. Lee*, 2012 IL App (4th) 110403, ¶ 38 (defendant's claim that the DOC imposed the MSR term had "no legal merit").

¶ 12    Furthermore, an MSR term, despite MSR's limitations on a criminal's liberty, is not some unconstitutional continuation of a sentence after the sentence has been completed. As discussed above, the MSR term is part of the sentence from the beginning. See also *Israel*, 66 Ill. 2d at 194 ("The sentence to a mandatory parole is a part of the original sentence by operation of law."). A defendant who has been sentenced to prison and MSR cannot be released from prison until he has served the full term of his determinate prison sentence, less time credit for good behavior, and upon release from prison he begins MSR. 730 ILCS 5/3-3-3(c) (West 2012). The prison sentence and MSR are components of one, and only one, sentence. See *Lee*, 2012 IL App (4th) 110403, ¶ 32. The sentence is not discharged until the defendant has completed both the term of imprisonment and the subsequent term of MSR. *Id.* ¶ 33.

¶ 13    Finally, if a defendant violates a condition of MSR, and as a result of the MSR violation he is returned to prison and forced to serve additional time there, the double-jeopardy clause is not implicated in any way, for the MSR term, with all its attendant conditions, was part of the defendant's sentence all along. See *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980) (parole revocation does not violate double jeopardy because parole is part of the original sentence). A defendant's return to prison due to violation of an MSR condition is definitely not a second or additional sentence for the defendant. *Israel*, 66 Ill. 2d at 194.

5

¶ 14               CONCLUSION

¶ 15  For the reasons stated above, the defendant's *pro se* "petition to reduce term of mandatory supervised release to 18 months for Class X" has no legal merit. Any argument to the contrary would lack merit. Accordingly, OSAD is granted leave to withdraw as the defendant's attorney on appeal, and the judgment of the circuit court, denying the *pro se* petition, is affirmed.

¶ 16  Motion granted; judgment affirmed.