IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUN -4 2013

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,         )    2 CA-CR 2013-0102-PR
                         )    DEPARTMENT A
          Respondent,  )
                         )    O P I N I O N
        v.                 )
                         )
CRAIG MICHAEL STEFANOVICH,  )
                         )
          Petitioner.  )
                         )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF MARICOPA COUNTY

Cause No. CR2009167023001SE

Honorable Jerry Bernstein, Judge Pro Tempore

REVIEW GRANTED; RELIEF DENIED

William G. Montgomery, Maricopa County Attorney
  By Diane Meloche                                 Phoenix
                             Attorneys for Respondent

Bruce Peterson, Office of the Legal Advocate
  By Frances J. Gray                                Phoenix
                             Attorneys for Petitioner

M I L L E R, Judge.

¶1 Craig Stefanovich petitions this court for review of the trial court's summary denial of his of-right petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court clearly has abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). We grant review but deny relief.

¶2 Stefanovich pled guilty to having committed aggravated driving under the influence (DUI) on November 17, 2007, based on his having previously committed aggravated DUI within the preceding eighty-four months. *See* A.R.S. § 28-1383(A)(2). He admitted having committed aggravated DUI on two previous occasions, February 8, 2001 and February 26, 2001. The trial court sentenced him to an enhanced, presumptive, ten-year prison term.

¶3 Stefanovich then sought post-conviction relief, arguing that, at the time of his previous DUI offenses, § 28-1383(A)(2) provided that a defendant commits aggravated DUI if two or more previous DUI offenses had been committed within sixty months and that the amendment to that statute increasing that range to eighty-four months occurred more than sixty months after his previous DUI convictions. *See* 2000 Ariz. Sess. Laws, ch. 153, § 3; 2006 Ariz. Sess. Laws, ch. 395, § 5. Thus, he reasoned, "the applicable limitations period had expired" and his conviction of aggravated DUI based on his previous offenses having been within eighty-four months "violate[d] the *ex post facto* clauses of the state and federal constitutions" because he "had a vested limitations defense" against the use of those prior offenses in relation to "subsequent DUI offenses." Based on the same reasoning, he additionally claimed that, because "criminal statutes of limitations are jurisdictional," the trial court "lacked jurisdiction to preside over prosecution of the case."

2

¶4        Stefanovich further claimed his decision to plead guilty and admit his previous DUI convictions was not knowing, voluntary, and intelligent, arguing the trial court had not complied with Rule 17.6, Ariz. R. Crim. P., because he had not been informed during the plea colloquy that his previous offenses would serve both as the basis for his aggravated DUI conviction and as historical prior felony convictions for sentence enhancement. Last, he asserted his trial counsel had been ineffective in failing to raise the above claims.

¶5        After hearing argument, the trial court summarily denied relief. The court, relying on *State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097 (App. 1984), *adopted and approved by* 141 Ariz. 91, 68 P.2d 983 (1984), concluded that the application of the eighty-four month timeframe to Stefanovich's previous DUI offenses did not implicate ex post facto concerns and that issues about the statute's retroactivity were therefore "irrelevant." The court also rejected Stefanovich's claims that his plea was not knowing, voluntary, and intelligent and that trial counsel had been ineffective.

¶6        On review, Stefanovich first reurges his claim that applying the eighty-four month window to encompass his previous DUI convictions is an improper retroactive application of the amended statute because he "had a vested limitations defense" against the use of those convictions "prior to the change in the limitations period." The United States Supreme Court has observed that it has "repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'" *Parke v. Raley*, 506 U.S. 20, 27 (1992), *quoting Spencer v. Texas*, 385 U.S. 554, 560 (1967); *see also Gryger v. Burke*, 334 U.S. 728, 732 (1948) ("The sentence as a . . . habitual criminal is not to be viewed as either a

3

new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."). Consistent with that view, we determined in *Yellowmexican* that a revision to the predecessor statute to § 28-1383(A)(2), which changed the prior-conviction timeframe from twenty-four to thirty-six months and increased the offense class from a misdemeanor to a felony, did not violate provisions against ex post facto laws because the revision did "not retroactively alter[]" the punishment for the defendant's previous DUI offenses. 142 Ariz. at 206, 208-09, 688 P.2d at 1098, 1100-01.

¶7 We acknowledge, however, that the court in *Yellowmexican* did not expressly address the claim Stefanovich raises here. The defendant there argued that "when he pleaded guilty to his two prior convictions, he was informed and understood that a subsequent conviction within a twenty-four month period would only be a misdemeanor" and that the "new legislation [therefore] has increased the punishment for his" prior offenses. *Id.* at 206, 688 P.2d at 1098. In contrast, Stefanovich argues the statutory period in effect at the time of his convictions—sixty months—had elapsed, and he therefore had a vested interest in the application of that statutory period instead of the new eighty-four month period.

¶8 But the Supreme Court long ago rejected the notion that recidivist provisions, like § 28-1383(A)(2),[1] are invalidly retroactive even when the recidivist provision did not exist when the defendant committed the prior crimes. *Gryger*, 334 U.S. at 732. Given that a legislature may implement a recidivist statute calling for increased

---

[1] Relying on *State v. Campa*, 168 Ariz. 407, 411, 814 P.2d 748, 752 (1991), Stefanovich suggests that our supreme court has determined § 28-1383(A)(2) is not a recidivist statute and instead is a "classification" statute. Nothing in *Campa* suggests that semantic distinction is meaningful here or that those descriptions are mutually exclusive.

punishment for new crimes based on crimes committed before the statute's passage, it necessarily follows that a recidivist defendant like Stefanovich does not and cannot have a "vested" right that his previous convictions could not be used to increase his punishment for new criminal acts.[2]  Irrespective of whatever revisions are made to the recidivist statute, it is the statute in effect at the time of a defendant's current offense which controls.  *See O'Brien v. Escher*, 204 Ariz. 459, ¶ 16, 65 P.3d 107, 111 (App. 2003); *Yellowmexican*, 142 Ariz. at 208, 688 P.2d at 1100 (statutory amendment "simply put [defendant] on notice that if he committed a third DWI offense within thirty-six months, his punishment for the third offense would be enhanced because of his prior convictions").

¶9        Stefanovich further argues that "applying the new 84 month limitation . . . runs afoul of due process prohibitions against vague laws" because it "deprived [him] of a complete defense that had attached before the law changed."  Because we have rejected the premise that Stefanovich had some vested right in the application of a previous version of the statute, we need not address the claim further.  For the same reason, we reject his argument that the trial court lacked jurisdiction because the felony charges were "invalid" due to  the expiration of the sixty-month period.

¶10        Finally, Stefanovich argues that the court erred in rejecting his additional claims of ineffective assistance of counsel and that his plea was not voluntary, knowing,

---

[2]Although Stefanovich cites no authority supporting his contention that he had a "vested limitations defense," we note that a defendant can have a vested interest in a particular statute of limitations for an offense.  *See State v. Aguilar*, 218 Ariz. 25, ¶ 12, 178 P.3d 497, 501 (App. 2008); *State v. Gum*, 214 Ariz. 397, ¶¶ 26-28, 153 P.3d 418, 425-26 (App. 2007).  But, because § 28-1383(A)(2) addresses the punishment for a current offense based on prior offenses, we find no meaningful parallel between the interest a person may have against delayed prosecution and the situation presented here.

and intelligent. In regards to the voluntariness of his plea, Stefanovich claims the trial court "failed to comply with Rule 17.6[, Ariz. R. Crim. P.]" in accepting his admission to having two prior felony convictions and that "[t]he plea colloquy illustrates that the court, the attorneys and [Stefanovich] were all confused by the basis for the Aggravated DUI charge, the relationship of [his] prior Aggravated DUI convictions to the class 4 felony charge and the relationship of [his prior convictions] to the sentencing range."

¶11      Rule 17.2 describes the colloquy required before a trial court may accept a defendant's guilty plea, including that the defendant understand "[t]he nature and range of possible sentence for the offense to which the plea is offered." Ariz. R. Crim. P. 17.2(b). Rule 17.6 provides that a court must apply the same procedures before accepting a defendant's admission to a prior conviction. "[B]efore accepting a defendant's admission to a prior conviction, a trial court must advise the defendant of the nature of the allegation, the effect of admitting the allegation on the defendant's sentence, and the defendant's right to proceed to trial and require the State to prove the allegation." *State v. Anderson*, 199 Ariz. 187, ¶ 36, 16 P.3d 214, 221 (App. 2000).

¶12      But, even assuming the plea agreement and colloquy violated Rules 17.2 and 17.6, that alone does not render Stefanovich's plea involuntary. For a guilty plea to be valid, it must be knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969); *see also* Ariz. R. Crim. P. 17.1(b). But "[a] plea will be found involuntary only where a defendant lacks information of 'true importance in the decision-making process.'" *State v. Pac*, 165 Ariz. 294, 295-96, 798 P.2d 1303, 1304-05 (1990), *quoting State v. Crowder*, 155 Ariz. 477, 482, 747 P.2d 1176, 1181 (1987). That is, a plea will be enforced unless the missing information "'go[es] to [the] defendant's essential objective in making the agreement.'" *Id.* at 296, 798 P.2d at 1305, *quoting Crowder*, 155 Ariz. at

6

481, 747 P.2d at 1180; *see also State v. Rosario*, 195 Ariz. 264, ¶¶ 24-28 & 28, 987 P.2d 226, 230 (App. 1999) (determining plea involuntary if defendant "based his decision to plead to the offenses based upon his [mistaken] belief that he could be paroled at one-half of his incarceration terms").

¶13        First, although Stefanovich identifies some confusion during his plea colloquy whether his guilty plea to aggravated DUI was based on his prior convictions or having a suspended driver license, that confusion was resolved during the colloquy and thus cannot support a claim that his guilty plea was involuntary. Stefanovich's brief confusion as to why he had been charged with two offenses—driving under the influence and driving with an alcohol concentration of .08 or greater—also does not support a claim his plea was involuntary. The court clarified that he had pled guilty to only one offense. We agree with Stefanovich, however, that nothing in the plea agreement or plea colloquy expressly explained that the ten-year presumptive prison sentence described to him was dependent on his having admitted two previous felony convictions nor that he was entitled to require the state to prove the fact of those convictions.[3] *See Anderson*, 199 Ariz. 187, ¶ 36, 16 P.3d at 221.

¶14        But Stefanovich signed addendums attached to his signed plea agreement acknowledging previous aggravated DUI convictions. Those addendums included an avowal by trial counsel that he had "explained" to Stefanovich "the ramifications of pleading with a prior felony conviction" and that he had advised Stefanovich "of his constitutional rights." That discussion necessarily would have included the fact that those prior felony convictions increased the sentencing range and that, absent his

---

        [3]Section 28-1383(A)(2) does not require the previous DUI convictions to have been felonies. Thus, Stefanovich's decision to plead guilty to that offense is not dispositive of the claim he asserts here.

admission to those convictions, the state would have to prove them. Although Stefanovich asserted in an affidavit filed below that he would have rejected the plea "[h]ad [he] been advised of the effect of admitting prior felony convictions on the available sentencing range and that . . . [his] constitutional rights included the right to have sentencing enhancements proved," he did not specifically assert in his affidavit that counsel failed to advise him of those facts and his argument depends entirely on alleged deficiencies in the plea agreement and colloquy.

¶15 Moreover, Stefanovich was correctly advised as to the sentence he faced upon pleading guilty and was informed his admission to the prior convictions made his new offense a "repetitive offense." Additionally, nothing in the record suggests he had the option of pleading guilty to only one offense but to decline to admit his previous convictions. Thus, Stefanovich has not demonstrated that he "lack[ed] information of 'true importance in the decision-making process,'" *Pac*, 165 Ariz. at 296, 798 P.2d at 1305, *quoting Crowder*, 155 Ariz. at 482, 747 P.2d at 1181, and therefore has not established a colorable claim that his decision to plead guilty was not voluntary, knowing, and intelligent.

¶16 As to Stefanovich's claim of ineffective assistance of counsel, we conclude he has waived this claim on review because he cites no relevant authority and does not develop the argument in any meaningful way. *See* Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition for review shall contain "reasons why the petition should be granted"); *cf. State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (claims waived for insufficient argument on appeal); *see also State v. Donald*, 198 Ariz. 406, ¶ 21, 10 P.3d 1193, 1201 (App. 2000) (to warrant evidentiary hearing, Rule 32 claim "must consist of more than conclusory assertions").

¶17     For the reasons stated, although review is granted, relief is denied.

/s/ *Michael Miller*
MICHAEL MILLER, Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge