NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTONY TERRELL MURRELL, JR., *Petitioner*.

No. 1 CA-CR 20-0433 PRPC
FILED 4-1-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2017-150977-001
The Honorable Michael J. Herrod, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Antony Terrell Murrell, Jr., Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins, Judge Randall M. Howe and Judge Maria Elena Cruz delivered the decision of the Court.

**PER CURIAM**:

**¶1**	Petitioner Antony Terrell Murrell, Jr. seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. This is petitioner's second petition for post-conviction relief.

**¶2**	A petitioner must strictly comply with the post-conviction rules or be denied relief. *State v. Carriger*, 143 Arizona. 142, 146 (1984). It is the petitioner's burden to assert a claim within the provisions of Rule 33 and a failure to comply with the rule results in a waiver of that claim. *Id*. Here, Petitioner failed to comply with Rule 33.16 because he did not attach a copy of the trial court's rulings, include a statement of issues decided by the trial court, include a statement of materials facts with references to the record, or give reasons why the appellate court should grant the petition with citations to supporting legal authority. *See* Ariz. R. Crim. P. Rule 33.16(c)(2). Petitioner's failure to comply with Rule 33.16 justifies our refusal to grant review. *See* Ariz. R. Crim. P. 33.16(k) (describing appellate review as discretionary); *see also State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for the first time in a petition for review); *State v. Stefanovich,* 232 Ariz. 154, 158, ¶ 16(App. 2013) (failure to cite to relevant authority and to develop the argument waives claim on review); *State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument wives claim on review).

**¶3**	Accordingly, review of the superior court's order is denied.

