NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID M. GETZEN, *Petitioner*.

No. 1 CA-CR 21-0177 PRPC
FILED 2-10-2022

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201901247
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**REVIEW DENIED**

APPEARANCES

Yavapai County Attorney's Office, Prescott
By Sheila Sullivan Polk
*Counsel for Respondent*

Coconino County Attorney's Office, Flagstaff
By Mark Dillon Huston
*Counsel for Respondent*

David M. Getzen, Tucson
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams, Judge David B. Gass and Judge James B. Morse Jr. delivered the decision of the court.

_____

**PER CURIUM**:

**¶1**         Petitioner David M. Getzen petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, deny review.

**¶2**         Getzen pled guilty to two counts of impersonating a peace officer and stipulated to consecutive sentences for a total of three years imprisonment. Following the terms of the plea agreement, the superior court sentenced Getzen accordingly. Getzen then filed a notice of post-conviction relief. Counsel was appointed and after reviewing the record, found no claims for relief. Getzen filed a pro per petition for post-conviction relief, arguing the state violated its disclosure duties, ineffective assistance of counsel, ethical violations, prosecutorial misconduct, double jeopardy violations, newly discovered evidence, and actual innocence. The superior court summarily dismissed the petition.

**¶3**         Getzen timely filed a petition for review, alleging ineffective assistance of counsel, obstruction of evidence, prosecutorial and judicial misconduct, and generally, violations against "fundimental [sic] fairness and equality of law." Other than listing these claims, Getzen fails to make any argument or to summarize the facts material to the consideration of those issues as required by Arizona Rule of Criminal Procedure ("Rule") 33.16(c). Nor is there citation to the record or supporting legal authority. Getzen also attaches numerous motions that are not properly before this Court as they were not included in his original petition. These motions were either filed with the superior court before his petition and so the time for review has passed or were filed after his petition was dismissed. *See* Ariz. R. Crim. P. 33.16(a)(1); *State v. Chavez*, 123 Ariz. 538, 539 (App. 1979) (defendant cannot collaterally attack an underlying order that he failed to timely challenge).

**¶4**         A petitioner must strictly comply with the post-conviction rules or be denied relief. *See State v. Carriger*, 143 Ariz. 142, 146 (1984). It is the petitioner's burden to assert a claim within the provisions of Rule 33

and a failure to comply with the rule results in a waiver of that claim. *See id.* Getzen's failure to comply with Rule 33.16 justifies our refusal to grant review. *See* Ariz. R. Crim. P. 33.16(k) (describing appellate review as discretionary); *State v. Bolton*, 182 Ariz. 290, 298 (1995) (insufficient argument waives claim on review); *State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (failure to cite to relevant authority and to develop the argument waives claim on review).

**¶5**        Accordingly, review of the superior court's order is denied.



AMY M. WOOD • Clerk of the Court
FILED:    AA