NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID ANTONIO RODRIGUEZ, *Petitioner*.

No. 1 CA-CR 21-0588 PRPC
FILED 7-26-2022

---

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201080330
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Yavapai County Attorney's Office, Prescott
By Sheila Sullivan Polk
*Counsel for Respondent*

David Antonio Rodriguez, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann joined.

---

**P A T O N**, Judge:

¶1          Petitioner David Antonio Rodriguez petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          In July 2010, the State charged Rodriguez with multiple counts of both sexual conduct with his girlfriend's minor daughter, Y., and possessing child pornography. Rodriguez pled guilty to two counts of sexual conduct with a minor under 15 years old and five counts of attempt to commit commercial sexual exploitation of a minor under 15 years old. On January 31, 2012, the superior court sentenced Rodriguez to consecutive 15-year flat sentences followed by lifetime probation.

¶3          Rodriguez initiated timely post-conviction relief proceedings on April 24, 2012. Rodriguez checked newly discovered evidence as a ground for relief. *See* Ariz. R. Crim. P. 33.1(e). Appointed counsel found no viable claims for relief and requested an extension to allow Rodriguez to file a pro se petition, which was granted. Rodriguez failed to file a petition and the State moved for the proceedings to be dismissed. On January 22, 2013, the court granted the dismissal.

¶4          Rodriguez filed a successive, untimely notice requesting post-conviction relief over eight years later on January 11, 2021. Rodriguez filed a pro-per petition for post-conviction relief on June 11, 2021, and was appointed counsel who filed a supplement to the petition on the same date. After finding that Rodriguez was represented by counsel, however, the court struck his brief, and appointed counsel withdrew the supplement. Appointed counsel then found no viable claims for relief and Rodriguez filed an amended pro se petition ("amended petition") shortly thereafter. The State responded and the court denied the petition. This petition for review followed.

## DISCUSSION

¶5          Absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). Rodriguez has failed to show an abuse of discretion.

**¶6** On review, Rodriguez contends that the superior court did not review the amended petition, but only struck the June 11th petition. Thus, he contends, the court did not address his claim that perjury during the grand jury proceedings constituted newly discovered evidence. Contrary to Rodriguez's claims, the superior court clearly identified that it reviewed and denied the amended petition only. In a footnote, the court also explained why it struck the June 11th petitions. Furthermore, the court gave detailed reasons for denying Rodriguez's perjury claim as newly discovered evidence.

**¶7** As for the merits of Rodriguez's perjury argument which he attempts to raise on review, the issue is precluded and waived. Although claims of newly discovered evidence are not automatically precluded in a successive or untimely proceeding, "the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). Rodriguez fails to adequately explain why it took over seven years to obtain his case file and begin the present proceedings. Rodriguez also fails to cite to relevant authority or develop the argument in a meaningful way. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013). Finally, by pleading guilty, Rodriguez waived all non-jurisdictional defenses, including any and all defenses, errors, and defects that occurred prior to the plea. *See State v. Quick*, 177 Ariz. 314, 316 (App. 1993). Rodriguez fails to raise a colorable claim.

**CONCLUSION**

**¶8** We grant review and deny relief.

