NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RODNEY CARL JOHNSON, *Petitioner*.

No. 1 CA-CR 22-0043 PRPC
FILED 9-13-2022

Petition for Review from the Superior Court in Maricopa County
No. CR2019-001405-001
The Honorable Roy C. Whitehead, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Rodney Carl Johnson, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1        Rodney Carl Johnson petitions this court to review the dismissal of his post-conviction relief petition. We have considered the petition for review and grant review but deny relief.

¶2        Johnson pled guilty to two counts of luring a minor, stipulating to a 10-year prison sentence followed by lifetime probation. Johnson filed an untimely notice of post-conviction relief 23 months after sentencing. Johnson brought claims under Rule 33.1(a) and (b), alleging prosecutorial misconduct, various Fifth Amendment violations, and no subject matter jurisdiction because of problems with the grand jury. The trial court summarily dismissed the petition partly because Johnson filed it untimely. Johnson petitioned for review.

¶3        On review, Johnson argues that he is entitled to post-conviction relief because Arizona lacked jurisdiction. Johnson asserts that he lived in California and never physically entered Arizona. To avoid preclusion, a pleading defendant seeking post-conviction relief under Rule 33.1(b) "must file the notice for a claim . . . within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(B).

¶4        Johnson states that his notice was timely because he did not receive discovery from his attorney until two years after sentencing. But Johnson would have known where he lived without his attorney's discovery. Johnson also failed to attach evidence to his petition supporting his claim of attorney misfeasance. The claim is also waived because Johnson presents a new argument under Rule 33.1(b) on review. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by the trial court); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for the first time in a petition for review). The trial court did not abuse its discretion by dismissing Johnson's claim.

¶5        Johnson also alleges prosecutorial error. We find this argument untimely and waived for failure to cite to the record or relevant

authority and not developing the argument. *See* Ariz. R. Crim. P. 33.4(b)(3)(A) (notice under Rule 33.1(a) must be filed within 90 days of sentencing); Ariz. R. Crim. P. 33.4(b)(3)(D) (defendant must "adequately explain[] why the failure to timely file a notice was not the defendant's fault"); Ariz. R. Crim. P. 33.16(c)(2); *State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013); *State v. Krum*, 183 Ariz. 288, 295 (1995).

**¶6**       We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA