NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GUILLERMO LARRAZOLO, *Petitioner*.

No. 1 CA-CR 23-0320 PRPC
FILED 06-20-2024

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201980107
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Patti Marie Wortman
*Counsel for Respondent*

Guillermo Larrazolo, Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

---

**C R U Z**, Judge:

**¶1** Guillermo Larrazolo petitions this court for review from the dismissal of his petition for post-conviction relief. For the reasons that follow, we grant review but deny relief.

**¶2** A jury found Larrazolo guilty of aggravated assault, a Class 4 felony, and two counts of aggravated domestic violence, Class 5 felonies. The trial court found him guilty of misdemeanor disorderly conduct. After considering Larrazolo's criminal history, the court imposed concurrent presumptive prison sentences for the felony convictions, the longest being 10 years. For the misdemeanor conviction, the court imposed an 81-day jail term, which Larrazolo was credited for time served. On direct appeal, this court affirmed Larrazolo's convictions and sentences. *State v. Larrazolo*, 1 CA-CR 21-0149, 2022 WL 776434 (Ariz. App. March 15, 2022) (mem. decision).

**¶3** Larrazolo then initiated post-conviction relief ("PCR") proceedings in superior court under Arizona Rule of Criminal Procedure ("Rule") 32, and the court appointed counsel to represent him. Counsel reviewed the record and discussed the case with Larrazolo, but she found no colorable PCR claims.

**¶4** In his subsequent pro se petition, Larrazolo raised multiple claims under Rule 32.1(a), including: ineffective assistance of trial counsel ("IAC"), faulty identification at trial, use of a coerced confession at trial, the State's use of perjured testimony, improper suppression of evidence favorable to the defense, a double jeopardy violation, and improper consideration of Larrazolo's prior convictions for sentencing purposes. *See* Ariz. R. Crim. P. 32.1(a) (ground for post-conviction relief is that "the defendant's conviction was obtained, or the sentence was imposed, in violation of the United States or Arizona constitutions"). Larrazolo also raised claims under Rule 32.1(e) (newly discovered material facts) and Rule 32.1(h) (actual innocence).

**¶5**          The superior court found Larrazolo's IAC, Rule 32.1(e), and Rule 32.1(h) claims were not colorable. *See State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) ("To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant. Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim.") (citations omitted); *see also State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016) ("The relevant inquiry for determining whether the [PCR] petitioner is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would *probably* have changed the verdict or sentence. If the alleged facts would not have probably changed the verdict or sentence, then the claim is subject to summary dismissal.").  The court found Larrazolo's remaining Rule 32.1(a) allegations were precluded. *See* Ariz. R. Crim. P. 32.2(a)(2-3) (claims that were adjudicated or waived on direct appeal are generally precluded in a PCR proceeding).  This timely petition for review followed.  We review a decision denying Rule 32 relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  Larrazolo bears the burden of establishing error. *See State v. Leyva*, 241 Ariz. 521, 528, ¶ 24 (App. 2017) (denying relief on review because "[petitioner] has failed to establish the trial court abused its discretion in summarily dismissing his petition for post-conviction relief.").

**¶6**          Larrazolo's petition for review fails to present any requisite argument explaining how, in his view, the superior court factually or legally erred by denying his PCR petition. *See* Ariz. R. Crim. P. 32.16(c)(2)(D) (requiring petition for review to contain "reasons why the appellate court should grant the petition, including citations to supporting legal authority, if known.").  Specifically, he does not argue that the court erred in finding his claims were not colorable or were precluded.  Instead, Larrazolo improperly challenges the sufficiency of trial evidence supporting his convictions, and he repeats his unsupported claims regarding purported "errors during trial."  As the superior court correctly determined, those issues are precluded because Larrazolo raised or should have raised them in his direct appeal. *See* Ariz. R. Crim. P. 32.2(a)(2-3).

**¶7**          Given Larrazolo's burden to demonstrate error, and his failure to explain why he believes the superior court erred, we must deny relief. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (concluding that insufficient argument waives a claim on review).

¶8        We grant review and deny relief.

