NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RUFUS LEE GARLAND, *Petitioner*.

No. 1 CA-CR 24-0021 PRPC

FILED 12-03-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2020-128043-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Respondent*

Rufus Lee Garland, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell, and Judges Kent E. Cattani and Paul J. McMurdie delivered the decision of the Court.

---

**PER CURIAM:**

**¶1**      Rufus Lee Garland seeks review of the dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. For the reasons stated, we grant review but deny relief.

## BACKGROUND

**¶2**      A jury found Garland guilty of kidnapping, aggravated assault, and misdemeanor assault based on evidence he entered the victim's car, forced her at gunpoint to drive to his apartment, and then hit, choked, and bit her while stating he was going to kill her. On direct appeal, in a *pro per* brief, Garland argued the victim lied about what happened and her relationship with him. He also argued the superior court erroneously excluded evidence that would have discredited the victim's testimony. Finding no reversible error, we affirmed. *State v. Garland*, 1 CA-CR 22-0085, 2023 WL 408937 (Ariz. App. Jan. 26, 2023) (mem. decision).

**¶3**      Garland timely requested post-conviction relief and waived his right to appointed counsel. In his petition for relief, he developed claims of ineffective assistance of counsel, other constitutional violations, and actual innocence. *See* Ariz. R. Crim. P. 32.1(a), (e), (h).

**¶4**      The superior court denied relief. Garland then filed this petition for review.

## DISCUSSION

**¶5**      We grant review. *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16. We review for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). We will uphold the court's decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶6** Garland challenges the denial of relief regarding his kidnapping conviction. First, he challenges his kidnapping conviction, arguing that his trial attorney provided ineffective assistance of counsel. Garland points to counsel's failure to (1) subpoena a "phone specialist" who would have shown that the victim's call logs belied her account of where the kidnapping occurred, (2) object during the prosecutor's direct examination of the victim, and (3) adequately cross-examine the victim. To state a colorable claim of ineffective assistance of counsel, a defendant "must demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Bigger*, 251 Ariz. at 407, ¶ 8 (citation omitted).

**¶7** Garland failed to make this showing. His allegations are too speculative to establish deficient conduct or prejudice. Garland offers no specific information, supported by evidence, about how a phone specialist would have testified, or about what questions or objections defense counsel should have raised during the victim's testimony and how that would have affected the outcome. The superior court therefore did not abuse its discretion by denying relief. *See State v. Borbon*, 146 Ariz. 392, 399 (1985) ("Rule 32 does not require the trial court to conduct evidentiary hearings based on mere generalizations and unsubstantiated claims that people exist who would give favorable testimony."); *State v. Donald*, 198 Ariz. 406, 413, ¶ 17 (App. 2000) (explaining that a colorable claim requires the defendant to "provide specific factual allegations that, if true, would entitle him to relief" supported by "sworn statements" or "a satisfactory explanation of their absence").

**¶8** Garland also argues the trial evidence was insufficient to show he kidnapped the victim, the court refused to admit evidence that would have impeached the victim's account of the kidnapping, and he is actually innocent of that charge. The first two claims are precluded because they were resolved on direct appeal, *see* Ariz. R. Crim. P. 32.2(a)(2), and the third is not colorable. Garland has failed to demonstrate, by clear and convincing evidence, that no reasonable juror would find him guilty of kidnapping beyond a reasonable doubt, *see* Ariz. R. Crim. P. 32.1(h).

**¶9** In the superior court, Garland also argued that his attorney provided ineffective assistance by not calling other witnesses who could impeach the victim's testimony. He also argued that the superior court violated his constitutional rights by preventing him from presenting a complete defense, by making biased decisions, by referring to "cruel and unusual" conduct, and by mismanaging deliberations. *See* Ariz. R. Crim. P. 32.1(a). Garland largely fails to provide references for these claims on

review, but he proposes that the claims regarding the court's conduct are not precluded because he did not knowingly, voluntarily, and personally waive them. *See* Ariz. R. Crim. P. 32.2(a)(3). Because Garland does not meaningfully develop any of these issues on review, we do not consider them. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (holding the defendant waived a claim on review when he "cite[d] no relevant authority and [did] not develop the argument in any meaningful way"); Ariz. R. Crim. P. 32.16(c)(4) ("A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review of that issue."). We also conclude, in any event, that Garland did waive his claims of constitutional errors committed by the superior court by omitting them from the appellate brief that he filed personally.

## CONCLUSION

¶10         We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV