NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DANNY EUGENE BUTTON, *Petitioner*.

No. 1 CA-CR 23-0478 PRPC

FILED 03-04-2025

---

Petition for Review from the Superior Court in Mohave County
No. S8015CR201700162
The Honorable Richard D. Lambert, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Grand Canyon Law Group LLC, Mesa
By Angela Charlene Poliquin
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**J A C O B S**, Judge:

¶1             Danny Button petitions this Court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2             Button threatened and shot at four men as they kayaked a stream that crossed his property. He argued at trial that his conduct was justified as a defense of premises under A.R.S. § 13-407. The jury was unconvinced—finding him guilty of four counts of aggravated assault, four counts of disorderly conduct involving a weapon, and four counts of endangerment. Jurors could not reach a verdict on one count of attempted second degree murder and three counts of kidnapping. On direct appeal, we vacated the convictions and sentences for disorderly conduct involving a weapon but otherwise affirmed. *State v. Button*, 1 CA-CR 18-0256, 2019 WL 439823 (Ariz. App. Feb. 5, 2019) (mem. decision).

¶3             Button timely requested post-conviction relief. The superior court dismissed the proceeding after his attorney failed to file a petition on time. Button initiated a successive post-conviction relief proceeding with new counsel. He asserted that his trial and appellate attorney provided ineffective assistance of counsel ("IAC") by not objecting to and appealing an instance of prosecutorial error during closing argument.[1] The court ruled that Button's IAC claims were not untimely or precluded, but determined the claims were not colorable on the merits. Button petitions for review, which we grant. *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16.

---

[1]      We refer to Button's prosecutorial "misconduct" claim as prosecutorial "error" because he does not assert the prosecutor committed intentional misconduct. *See State v. Murray*, 250 Ariz. 543, 548 ¶ 12 (2021).

**DISCUSSION**

¶4        We review the summary dismissal of a petition for post-conviction relief for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021).

¶5        To state a colorable IAC claim, Button "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced [him]." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶6        Button's claims relate to the prosecutor's remarks at the end of the State's rebuttal closing argument:

> The defendant's actions were not reasonable.  He is not a reasonable person.  That is not a reasonable reaction.  And he could have never used deadly physical force.  The State did not indict him for attempting to kill three other kayakers.  He was only indicted for attempted second degree murder against [Troy]² because that's what happened.  The charges fit the evidence.  We ask that you find him guilty of all 16 counts.
>
> Now really what this comes down to, ladies and gentlemen is, who are we?  Judge this by a reasonable standard.  We are [Paul].  We are [James] and [Ethan].  We are . . . [Troy].  We are not the conduct of the defendant.  This is not who we are.  He's guilty of all 16 counts.

¶7        Button argues his trial and appellate attorney committed IAC by not challenging the prosecutor's comments to jurors about "who we are."³  He contends the prosecutor made an improper "golden rule" argument, and vouched for the victims, by asking jurors to identify with the victims and the prosecution in deciding the case.  *See, e.g.*, *State v. Acuna Valenzuela*, 245 Ariz. 197, 217, 222 ¶¶ 75, 109 (2018) (prosecutor may not place government's prestige behind State witnesses, refer to matters outside the record, or appeal to jurors' emotions and prejudices by urging them to

---

²        We use pseudonyms to protect the victims' identities.
³        Button also asserts trial counsel committed IAC by introducing other bad acts at trial.  Because he failed to develop the argument in the superior court and before this Court, Button has waived it.  *See* Ariz. R. Crim. P. 32.16(c)(2)(B) (petition for review must contain "statement of issues the trial court decided[.]"); *State v. Stefanovich*, 232 Ariz. 154, 158 ¶ 16 (App. 2013).

convict for reasons irrelevant to the defendant's guilt); *see also Taylor v. DiRico*, 124 Ariz. 513, 518 (1980) (describing "golden rule" argument). In an affidavit submitted by the State, Button's trial and appellate attorney said he "made a reasoned and tactical decision not to object nor raise an appeal issue" over the prosecutor's "who we are" remarks.

¶8 The superior court did not abuse its discretion by dismissing Button's claims. Viewed in context, the "who we are" comments continued the prosecutor's argument that jurors should reject Button's defense of premises claim because he did not behave like "a reasonable person" and the victims did not knowingly trespass. *See State v. Arias*, 248 Ariz. 546, 556 ¶ 33 (App. 2020) (assessing alleged prosecutorial error "in the context of the issues presented to the jury at trial"); *see also* A.R.S. §§ 13-407, -1502. The remarks could also be viewed as permissibly asking jurors to act as the conscience of the community in evaluating Button's conduct. *See, e.g.*, *United States v. Smith*, 918 F.2d 1551, 1562-63 (11th Cir. 1990) ("Prosecutorial appeals for the jury to act as the conscience of the community are not impermissible when they are not intended to inflame." (cleaned up)); *United States v. Runyon*, 707 F.3d 475, 514-15 (4th Cir. 2013) (allowing a prosecutor to remind jurors they express "the conscience of the community" when such expression "is directed at the defendant alone").

¶9 Because the prosecutor's remarks were not objectionable, Button's attorney did not perform deficiently by not objecting to them at trial. It follows that his attorney did not perform deficiently by not raising the remarks as an issue on appeal. *See Bennett*, 213 Ariz. at 567-68 ¶¶ 22, 25 (requiring the defendant to establish, in an IAC claim involving appellate counsel, that the attorney omitted an issue "clearly stronger than those selected for appeal" and "a reasonable probability that [the omitted issue] . . . would have succeeded on appeal").

**CONCLUSION**

¶10 We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:     JR