NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

BENNY DAVID GIBSON, *Petitioner.*

No. 1 CA-CR 25-0500 PRPC

FILED 04-24-2026

Appeal from the Superior Court in Maricopa County
No. CR2011-141134-002
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Benny David Gibson, Buckeye
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1 Benny D. Gibson ("Gibson") appeals the superior court's denial of his motion captioned "Requesting Right to Be Heard Pursuant to Canon 2 Rule 2.6 with Brief" and his motion for reconsideration, which the court treated as a petition for post-conviction relief. This is Gibson's fifth petition. For the following reasons, we grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In February 2016, Gibson pled guilty to three counts of "Attempted Child Abuse and a Dangerous Crime Against Children." Several days later, Gibson moved to withdraw from the plea agreement because of "inaccurate statements made by the State and a manifest injustice." The court denied the motion and sentenced Gibson to 7.5 years in prison for one count and lifetime probation for the other two counts.

¶3 Gibson filed his first petition for post-conviction relief in December 2016. He raised several challenges such as ineffective assistance of counsel, lack of jurisdiction, and violation of the plea agreement. The court dismissed Gibson's petition in April 2017, finding his claims were either precluded or meritless.

¶4 Gibson was later released on probation in February 2018. Eight months later, the Adult Probation Department petitioned to revoke Gibson's probation for failure to comply with the terms of his release. A hearing was held the following month, and the court revoked Gibson's probation after finding he violated his release terms. The court then sentenced Gibson to 10 years in prison and reinstated his lifetime probation upon release. Gibson appealed on December 7, 2018, and we affirmed his probation revocation a year later.

¶5 While Gibson's appeal was pending, he filed his second petition for post-conviction relief on October 4, 2019. The court dismissed Gibson's petition in March 2020 after finding Gibson did not raise any colorable claims for relief. In May 2023, Gibson filed his third notice for

post-conviction relief, citing newly discovered evidence and actual innocence related to his probation revocation hearing. The court dismissed Gibson's petition for failure to state a claim for relief. Several months later, Gibson filed a petition for writ of habeas corpus, challenging his probation violation and resulting sentence. The court treated Gibson's filing as his fourth petition for post-conviction relief and again dismissed it for failure to state a claim. Gibson subsequently filed a petition for review, and we denied relief in July 2024.

¶6            One year later, Gibson filed his "Motion Requesting Right to Be Heard Pursuant to Canon 2 Rule 2.6 with Brief." In this motion, Gibson made seven arguments, including violation of the Due Process Clause, failure to apply the Rule of Lenity, and breach of plea agreement. The State filed a response on September 4, 2025, contending Gibson's motion was an untimely petition for post-conviction relief that failed to establish grounds for relief. The court agreed with the State and denied Gibson's motion one week later. Ten days after the court's ruling, Gibson filed a reply to the State's response to his motion. Gibson then filed a motion for reconsideration, which the court denied in November 2025.

¶7            Gibson subsequently filed both a notice of appeal and a petition for review. We dismissed the appeal and explained a direct appeal is not appropriate in a post-conviction relief case. In our discretion, Ariz. R. Crim. P. 33.16(k) (appellate review is discretionary), we grant review and now address Gibson's petition.

**DISCUSSION**

¶8            Arizona Rule of Criminal Procedure ("Rule") 33.16 sets forth the standards for a petition for review, with which unrepresented litigants are expected to comply. *Flynn v. Campbell*, 243 Ariz. 76, 83 ¶ 24 (2017) ("We hold unrepresented litigants in Arizona to the same standards as attorneys."). Rule 33.16 requires a petition for review to contain "a statement of material facts . . . including specific references to the record" and arguments supported by legal authority. Ariz. R. Crim. P. 33.16(c)(2)(C)–(D).

¶9            Gibson failed to comply with these standards. In his petition, Gibson states his constitutional due process rights were violated, the State's response to his motion was untimely, and the court abused its discretion by not permitting Gibson to file a reply to the State's response. But Gibson does not cite to the record, develop his arguments, or provide citations to legal authority. Instead, he offers conclusory statements and asks us to "review

the documents attached to [his] petition." As judges, we will not scour the record or relevant legal authorities to develop Gibson's arguments for him. *See State v. Brown*, 124 Ariz. 97, 100 (1979) ("A judge must be careful never to act in the dual capacity of judge and advocate."). Because Gibson failed to comply with Rule 33.16, he has waived all arguments. *See Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005) (compliance with Rules governing post-conviction relief petitions is not a mere formality and parties must strictly comply with the Rules to be entitled to relief); *State v. Stefanovich*, 232 Ariz. 154, 158 ¶ 16 (App. 2013) (concluding the defendant "waived [his] claim on review because he cites no relevant authority and does not develop the argument in any meaningful way"). Therefore, we deny relief.

**CONCLUSION**

¶10      We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR