NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JASON CLIFFORD DENNIS HYDE, *Petitioner*.

No. 1 CA-CR 25-0435 PRPC

FILED 06-25-2026

Petition for Review from the Superior Court in Mohave County
No. CR-2021-00541
The Honorable Richard D. Lambert, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Jacob Cote
*Counsel for Respondent*

Jason Clifford Dennis Hyde, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1     Petitioner Jason Clifford Dennis Hyde seeks review of the superior court's order summarily denying his first post-conviction relief (PCR) petition. *See* Ariz. R. Crim. P. 32. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a PCR petition. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Hyde has shown no such error, this court grants review but denies relief.

**FACTS AND PROCEDURAL HISTORY**

¶2     A jury found Hyde guilty of failing to stop at the scene of an accident involving serious physical injury or death, a Class 2 felony (Count 1), and criminal damage, a Class 5 felony (Count 2). The jury also found Hyde caused the accident and, as an aggravating factor, the victim or the victim's immediate family suffered physical, emotional, or financial harm. The superior court imposed aggravated prison sentences of seven years for Count 1 and a consecutive sentence of two years for Count 2. Hyde's convictions and sentences were affirmed on appeal. *State v. Hyde*, 1 CA-CR 22-0600, 2024 WL 248716, at *5 ¶ 21 (Ariz. App. Jan. 23, 2024) (mem. decision).

¶3     Hyde filed a PCR notice. After appointed counsel informed the superior court that he had not identified any colorable claim for relief, Hyde filed a self-represented PCR petition. Hyde alleged his trial counsel was ineffective for failing to hire an accident reconstruction expert, call his Mother to testify, investigate the State's witnesses' criminal records for impeachment, cross-examine a victim's family member during the aggravation phase, present evidence that Hyde was not under the influence at the time of the accident, establish that one of the State's witnesses testified falsely, show the jury photographs of the accident scene and video of Hyde's truck in the McDonald's drive-through, communicate with Hyde, and make an opening statement. He also asserted appellate counsel was ineffective for failing to communicate with him and for not raising an alleged police "vendetta" against his family or trial counsel's purported

ineffective performance. Hyde also raised claims of prosecutorial misconduct and newly discovered evidence. The superior court summarily dismissed the petition, finding none of Hyde's claims stated a colorable claim for relief. This timely petition for review followed.

## DISCUSSION

¶4        In seeking review by this court, Hyde repeats the arguments raised in his PCR petition in superior court.[1] He first argues his trial counsel was ineffective. "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under the first prong, "we must presume 'counsel's conduct falls within the wide range of reasonable professional assistance' that 'might be considered sound trial strategy.'" *State v. Denz*, 232 Ariz. 441, 444 ¶ 7 (App. 2013) (quoting *Strickland*, 466 U.S. at 689). To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 6 (2017) (quoting *Strickland*, 466 U.S. at 694). Conclusory allegations and speculation are insufficient to state a colorable claim of prejudice. *State v. Leyva*, 241 Ariz. 521, 528 ¶ 22 (App. 2017); *State v. Donald*, 198 Ariz. 406, 414 ¶ 21 (App. 2000). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Bennett*, 213 Ariz. at 567 ¶ 21 (citation omitted).

¶5        Hyde argues trial counsel was ineffective for failing to retain an accident reconstruction expert. He asserts an expert would have shown he was not at fault for the accident and the victim's injuries resulted from not wearing a seatbelt. Even assuming trial counsel's performance was deficient, Hyde fails to show prejudice. The evidence shows Hyde ran a stop sign and hit the victim's car from the side; the front end of Hyde's truck was damaged and the victim's vehicle sustained significant side damage. Hyde fails to show an expert would have explained the evidence consistent with his theory, and his conclusory assertions do not entitle him to relief. *Leyva*, 241 Ariz. at 528 ¶ 22. Further, whether the victim wore a seatbelt is

---

[1] Hyde does not develop any meaningful argument in support of his newly discovered evidence claim and has therefore waived it. *See State v. Stefanovich*, 232 Ariz. 154, 158 ¶ 16 (App. 2013) (insufficient argument waives claim); *see also* Ariz. R. Crim. P. 32.16(c)(4) (failure to raise an issue in a petition for review is waiver).

irrelevant to his convictions. *See* A.R.S. § 28-661(C) (a driver who caused an accident resulting in death or serious physical injury and then fails to stop is guilty of a class 2 felony); A.R.S. § 13-1602(A)(1) ("A person commits criminal damage by . . . [r]ecklessly defacing or damaging property of another person."); *cf. State v. Aragon*, 252 Ariz. 525, 530 ¶ 14 (2022) (holding a victim's failure to wear a seatbelt is not an intervening cause relieving the defendant of responsibility for resulting injuries). Thus, Hyde has not shown a reasonable probability that, had counsel hired an expert, the result of the proceeding would have been different.

**¶6**  Hyde next argues trial counsel was ineffective for not making an opening statement. He contends counsel told the court that, by waiving opening statement, counsel intended to save time for defense witnesses, including Hyde's Mother, but then did not call any witnesses. He asserts counsel failed to provide the jury with guidance on the defense theory, including that Hyde was not at fault because the stop sign was obstructed and the victim's failure to wear a seatbelt caused the injuries. He also contends this left the jury with the State's opening statement "unchallenged" and prejudiced his defense.

**¶7**  Hyde does not overcome the presumption that counsel's decision was trial strategy or establish that counsel's conduct prejudiced his defense. During closing argument, counsel presented the theories Hyde claims should have been introduced in an opening statement. Hyde does not demonstrate a reasonable probability that the jury would have reached a different verdict "but for" counsel's decision to waive an opening statement.

**¶8**  Hyde next argues trial counsel was ineffective for failing to investigate the criminal records of two State witnesses', J.V. and H.G., for impeachment purposes. He asserts counsel failed to impeach J.V. with his prior misdemeanor convictions for false reporting to law enforcement and possession of drug paraphernalia. He also asserts counsel failed to obtain H.G.'s out-of-state conviction records.

**¶9**  Witnesses may be impeached with convictions that are punishable by death or by imprisonment for more than one year, or that involve dishonesty or a false statement. Ariz. R. Evid. 609. A misdemeanor conviction for possession of drug paraphernalia is inadmissible for impeachment because it does not fall into one of those categories. *Id.*; A.R.S. § 13-3415, -707. Although J.V.'s misdemeanor conviction for false reporting under A.R.S. § 13-2907.01 likely would have been admissible under Rule 609(a)(2), Hyde does not show a reasonable probability that impeaching J.V.

with one misdemeanor conviction would have altered the jury's assessment of the evidence or changed the verdict. Further, because H.G. did not testify, Hyde does not show ineffective assistance or prejudice.

¶10      Hyde argues trial counsel failed to establish Hyde was not under the influence at the time of the accident, and J.V. (one of the State's witnesses) had been drinking before the accident but testified falsely about that at trial. But he fails to show how this prejudiced his defense. Hyde also argues his appellate counsel was ineffective for failing to communicate with him. Appellate counsel submitted an affidavit stating he contacted Hyde while preparing the appeal. Hyde has not established ineffective assistance or prejudice.[2]

¶11      Hyde argues the State committed prosecutorial misconduct by failing to disclose J.V.'s criminal records. But his claim is precluded because it could have been, but was not, raised on direct appeal. Ariz. R. Crim. P. 32.2(a)(3).

## CONCLUSION

¶12      Because Hyde has not shown the superior court abused its discretion by summarily dismissing his PCR petition, this court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR

---

[2] Hyde does not raise some of his ineffective assistance of trial and appellate counsel claims in his petition for review, including trial counsel's alleged failure to cross-examine a victim's family member during the aggravation phase, to show the jury photograph and video evidence, and to communicate with him, and appellate counsel's alleged failure for not raising an alleged police "vendetta" against his family or trial counsel's purported ineffective performance. He has thus waived those claims. Ariz. R. Crim. P. 32.16(c)(4).